## Norfolk

KEVIN BRENT NELMS

v.

COMMONWEALTH OF VIRGINIA

No. 0699-89-1

Decided February 5, 1991

COUNSEL

L. G. Fitchett, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This is a criminal appeal from a denial of a defendant's motion to dismiss an indictment because of a failure to provide a speedy trial under Code § 19.2-243. We hold that when an accused appears before a trial court for the appointment of counsel and the case is continued to the next docket call without being set for trial, the period of time which follows is not tolled under Code § 19.2-243.

On November 7, 1988, the defendant was indicted by a grand jury on a charge of escape from a correctional facility in violation of Code § 53.1-203. On November 14, 1988, the defendant was brought to court without counsel. The court determined that the defendant was indigent and appointed counsel to defend him. The trial court's order states that "with the consent and approval of the accused after private consultation with his counsel . . . this case is continued to the next term of court." January 3, 1989 was the docket call for the next term of court. On that date, April 17, 1989 was set as the trial date for the defendant. The defendant was incarcerated from the date of his indictment on the escape charge to the trial date.

On April 13, 1989, the defendant moved to dismiss the indictment on the ground that his right to a speedy trial under Code § 19.2-243 had been violated. A defendant who is held continuously in custody after being indicted for a felony is forever discharged from being prosecuted for that offense if not brought to trial within five months. Code § 19.2-243.

Prior to trial on April 17, 1989, the trial court heard the arguments of the parties concerning the motion to dismiss. Defense counsel represented to the trial court that he was not present on November 14, 1988, when counsel was appointed, and, therefore, the order incorrectly recited that the defendant had conferred with counsel and had agreed to a continuance. The trial court ac-

cepted defense counsel's statements as true. The defendant also testified that defense counsel was not present on November 14, 1988 and that he had not agreed to a continuance.

The trial court denied the defendant's motion to dismiss, finding that "it was with the consent of [defense] counsel that this case was set." Before overruling the defendant's motion to dismiss, the trial judge, referring to the January 3, 1989 docket call, asked defense counsel three questions: "Did you agree to set this case?"; "Why didn't you set this case earlier if you take that position?"; and "You don't think that is a duty to you . . . that you should set an earlier trial?"

■ The trial court incorrectly concluded that the defendant's attorney's failure to insist on a trial date within the statutory limit dispensed with the requirements of Code § 19.2-243. "A defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period." *Godfrey v. Commonwealth*, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). The failure, therefore, of defense counsel to insist at the docket call on January 3, 1989, to set the trial within the prescribed period did not extend the period within which the defendant must be brought to trial.

■ The Commonwealth argues that the language contained in the order of November 14 continuing the case to the next term of court tolled the running of the statutory time period. The running of time under the statute is tolled during any time period in which the "failure to try the accused" is caused by a "continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth." Code § 19.2-243. Before a continuance tolls the running of time under the statute, two requirements must be met: (1) the continuance must result in a "failure to try the accused" and (2) the continuance must be granted "on motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth." *Id.*

The language in the November 14 order continuing the case to the next term of court did not cause a "failure to try the accused." The accused had simply been brought before the court for the appointment of counsel, a step necessary for the trial of the accused. No trial date had been set and no attempt was made to set one. The effect of appointing counsel was to prepare the matter for

trial, and did not cause a failure to try the defendant.

Moreover, the continuance was not "granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth." The order does not reflect that the case was continued on a motion by either party. Since the matter had not been set for trial, neither the accused nor the attorney for the Commonwealth had any reason to move for a continuance.

Since the continuance of the proceeding to the next term of court was not on the motion of either the accused or the Commonwealth, and since the continuance was not the cause of failure to try the accused, the delay caused by the continuance cannot be excluded from the provisions of Code § 19.2-243. The defendant, in custody from the date of his indictment until the day he was tried, was required to be brought to trial by April 7, 1989. The trial court erred in failing to grant the defendant's motion to dismiss the indictment when he had not been tried by that date. The defendant's conviction is, therefore, reversed, and the indictment is dismissed.

*Reversed and dismissed.*

Baker, J., and Willis, J., concurred.