COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Willis
Argued at Norfolk, Virginia


KEVIN MARVIN BALLANCE

v.          Record No. 1791-93-1                    OPINION BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                        SEPTEMBER 5, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Edward W. Hanson, Jr., Judge

                Theresa B. Berry (Samford & Berry, on
                briefs), for appellant.

                G. Russell Stone, Jr., Assistant Attorney
                General (James S. Gilmore, III, Attorney
                General, on brief), for appellee.


        On appeal from his convictions of five counts of forcible

sodomy, six counts of aggravated sexual battery, and two counts

of taking indecent liberties with minors, Kevin Marvin Ballance

contends that the trial court erred in denying his motions for

dismissal based on violations of his statutory right to a speedy

trial in the cases involving children named Matthew and Joshua.

 We find no error and affirm the judgment of the trial court.

        Ballance was arrested July 9, 1992, on five warrants

charging aggravated sexual battery, five warrants charging

forcible sodomy, and one warrant charging the taking of indecent

liberties with a minor, all involving Matthew.  At the same time,

Ballance was arrested upon warrants charging sexual offenses

committed upon a child named Krystle.  His conviction on those

charges is not at issue here.

At a September 10, 1992 preliminary hearing, probable cause was found and the charges were certified to the grand jury. On October 5, 1992, the grand jury indicted Ballance on all charges. He was also indicted on one count of aggravated sexual battery and one count of taking indecent liberties against a minor, involving Joshua. All charges were scheduled for trial on November 17, 1992.

On November 17, 1992, the trial court granted Ballance's motion for a continuance until January 11, 1993, so that he could be evaluated for sanity at the time of the offenses and competency to stand trial. On January 6, 1993, the trial court granted Ballance's motion for a continuance until March 3, 1993, to allow his psychiatrist time to complete his evaluations.

On March 3, 1993, Ballance's counsel informed the trial court that a conflict had developed between Ballance and him, and he sought to be removed from the case. The trial court advised Ballance that if it allowed defense counsel to withdraw, the case would be continued on Ballance's motion. Ballance agreed that this should be done. The trial court allowed defense counsel to withdraw and appointed a public defender to represent Ballance. With the concurrence of defense counsel, the trial court continued the case to March 10, 1993, to permit new defense counsel to come into the case and to participate in setting a trial date. On March 10, 1993, in consultation with counsel, the trial court set all charges for trial on May 4, 1993.

Ballance then filed numerous motions, including a motion to sever trial of the charges by victim. On April 20, 1993, a hearing was held on the severance motion, but because Ballance was unsure whether he wanted to pursue the motion, the matter was continued to April 26, 1993. On that date, the trial court granted Ballance's motion for a severance of the charges. Trials were set for May 4, 1993, on the charges involving Krystle, June 16, 1993, on the charges involving Matthew, and July 21, 1993, on the charges involving Joshua.

On June 16, 1993, Ballance was found guilty of all charges involving Matthew. The trial court confirmed the verdicts and set sentencing for July 21, 1993.

On July 15, 1993, Ballance moved to dismiss the charges involving Matthew and Joshua on the ground that his right to a speedy trial, as set forth in Code § 19.2-243, had been violated. On July 21, 1993, the trial court denied that motion, stating, "the only delay in this case has been due to the defendant."

On July 21, 1993, Ballance was found guilty on all charges relating to Joshua. The trial court confirmed the verdicts and continued the case to August 23, 1993, for sentencing. On August 23, 1993, the trial court imposed sentence on the convictions of May 4, 1993 (Krystle), June 16, 1993 (Matthew), and July 21, 1993 (Joshua).

Throughout the entire proceeding, from his arrest on July 9, 1992, to his July 21, 1993, trial, Ballance was held continuously

- 3 -

in custody.

> Code § 19.2-243 provides, in pertinent part:
> Where a general district court has found that there is
> probable cause to believe that the accused has
> committed a felony, the accused, if he is held
> continuously in custody thereafter, shall be forever
> discharged from prosecution for such offense if no
> trial is commenced in the circuit court within five
> months from the date such probable cause has been found
> . . . .
>
> If there was no preliminary hearing in the district
> court, . . . the commencement of the running of the
> five . . . [month period] . . . shall be from the date
> an indictment or presentment is found against the
> accused.
>
> The provisions of this section shall not apply to such
> period of time as the failure to try the accused was
> caused:
>
>   *   *   *   *   *   *   *
>
> (4) by continuance granted on the motion of the accused
> or his counsel, or by concurrence of the accused or his
> counsel in such a motion by the attorney for the
> Commonwealth . . . .

Ballance concedes that his May 4, 1993, trial on the charges involving Krystle satisfied the requirements of Code § 19.2-243.  This appeal does not address that trial or Ballance's convictions on those charges.

Ballance first invoked his statutory speedy trial right by his motion filed July 15, 1993, subsequent to his June 16, 1993, trial on the charges involving Matthew.  Citing <u>Brooks v. Peyton</u>, 210 Va. 318, 171 S.E.2d 243 (1969), the Commonwealth contends that by failing to assert his speedy trial right timely, Ballance thereby waived it.  In <u>Brooks</u>, the Supreme Court said:
> The protection granted an accused under Code

- 4 -

§ 19.1-191[1] is not self-operative. "It may be claimed, or it may be waived." Failure to invoke the provisions of the statute until after final judgment is a waiver of the protection afforded thereunder.

Brooks at 321, 171 S.E.2d at 246 (citations omitted). We reject this contention. The August 23, 1993, sentencing order was the final judgment with respect to the charges tried June 16, 1993 (Matthew). Therefore, Ballance asserted his statutory speedy trial right timely.

The five month requirement of Code § 19.2-243 translates to 152 and a fraction days. The Commonwealth is required to commence trial within that time. Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). The time elapsing from the finding of probable cause to the initial trial date, even though the accused concurs in the trial date, is not a continuance within the contemplation of subsection (4) of the statute, but counts against the Commonwealth in a calculation of compliance. See Nelms v. Commonwealth, 11 Va. App. 639, 400 S.E.2d 799 (1991). Thus, with respect to the charges involving Matthew, sixty-eight days elapsed from the September 10, 1992, finding of probable cause to the initial November 17 trial date. With respect to the charges involving Joshua, forty-three days elapsed from the October 5, 1992, indictment to the November 17 trial date. These times are chargeable to the Commonwealth.

Ballance concedes that the delay from November 17, 1992,

---

[1]Now Code § 19.2-243.

- 5 -

until the March 3, 1993, trial date, being necessitated by his motions for psychiatric evaluation, is chargeable to him.  Our analysis focuses on the continuances of March 3, 1993, and April 26, 1993.  Acknowledging that his March 3 motion for withdrawal of his attorney and for substitution of new counsel required a continuance of his March 3, 1993, trial, Ballance contends that he should be charged only the seven days required to secure the attendance of his new counsel to reschedule the trial date.  We disagree.  The case was scheduled and ready for trial March 3, 1993.  Ballance's motion for substitution of counsel necessitated a continuance and a rescheduling of the trial date.  The trial court so advised him.  The granting of Ballance's motion and the accomplishment of its purpose required not only securing new counsel, but also rescheduling the trial for a date acceptable to new counsel.  That date was May 4, 1993.  Therefore, we hold that the delay from March 3, 1993, to May 4, 1993, is charged to Ballance.  See Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27 (1983); Shearer v. Commonwealth, 9 Va. App. 394, 401-02, 388 S.E.2d 828, 831-32 (1990).

Likewise, we hold that the delays from May 4, 1993, to June 16, 1993 (Matthew), and from May 4, 1993 to July 21, 1993 (Joshua), are chargeable to Ballance.  The cases were set, with Ballance's concurrence, to be tried together on May 4, 1993.  Ballance's motion for severance necessitated continuance of the charges involving Matthew and the charges involving Joshua.

- 6 -

Unlike Nelms, where the accused stood by unprotestingly while the trial court failed to discharge its duty to set the case timely, the scheduling of the June 16 and July 21 trials was part of the continuance aspect of Ballance's severance motion.  He participated in the fixing of those trial dates as a part of that motion.  Thus, we hold that the fixing of those trial dates was with his concurrence.  See Stephens, 225 Va. at 233-34, 301 S.E.2d at 27; Shearer, 9 Va. App. at 401-02, 388 S.E.2d at 831-32.

The judgment of the trial court is affirmed.

Affirmed.

BENTON, J., concurring in the judgment.


Although Ballance was not tried within the time specified by Code § 19.2-243, I agree with the majority that delays attributable to Ballance caused the trial to occur beyond the statutory limit. I do not agree, however, that the time that elapsed from May 4 to the trial dates should be attributed to Ballance.

Ballance concedes that the time that elapsed from November 13, 1992 (the first trial date) to March 3, 1993, was attributable to him. On March 3, 1993, the trial judge granted Ballance's request for a new attorney, and set a hearing for March 10, 1993, to set a new trial date. Ballance also agrees that the time that elapsed from March 3 to March 10 was attributable to him.

On March 10, 1993, Ballance's new attorney agreed to a May 4, 1993, trial date. Ballance contends that the time that elapsed from March 10, 1993, to May 4, 1993, was not attributable to him. I disagree. The delay caused by Ballance's request for a change of attorney continued to the date that Ballance's new attorney could be available for trial. That was determined to be May 4, 1993.

The record reflects, however, that on April 26, 1993, Ballance requested separate trials for the charges regarding the respective victims. The trial judge entered an order, as requested by the Commonwealth, maintaining one trial date on May

4, 1993, setting another for June 16, 1993, and setting the third for July 21, 1993. The record does not reflect that Ballance concurred in those continuances. "[A]n agreement [for a continuance] is not implicit in [a] request for separate jury trials." Walker v. Commonwealth, 225 Va. 5, 11, 301 S.E.2d 28, 31 (1983). However, even if this delay is attributable to the Commonwealth, the record reflects that when the delay attributable to Ballance is considered, he was tried within the statutory time. For these reasons, I concur in the judgment to affirm the trial judge's order.