466 S.E.2d 752

**James Thomas STINNIE, Jr.**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0706-94-2.**

Court of Appeals of Virginia,
Richmond.

Feb. 6, 1996.

Annunziata, J., dissented and filed opinion.

Richard A. DeLoria, Charlottesville, for appellant.

Michael T. Judge, Asst. Atty. Gen. (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BENTON, ELDER and ANNUNZIATA, JJ.

ELDER, Judge.

James Thomas Stinnie, Jr. (appellant) appeals his conviction for statutory burglary in violation of Code § 18.2–91. Appellant asserts that because the Commonwealth failed to commence the trial of this case within five months of finding probable cause, in violation of Code § 19.2–243, the trial court lacked jurisdiction. We agree and reverse and dismiss appellant's conviction.

The district court determined probable cause existed on October 14, 1993. Appellant's original trial date was set for February 9, 1994. Appellant then requested additional time to prepare his case after he was permitted to dismiss his court-appointed counsel. At the time he did not request a specific trial date or a continuance for any particular period of time. On February 2, 1994, the trial court heard argument on appellant's motion and continued the case until docket call on February 22, 1994, which was the court's term day. Both parties agree that the time between February 9 and February 22, 1994, was chargeable to *appellant* because he requested additional time to prepare his case. Not until term day did the continuance end, at which time the trial was rescheduled. On term day, February 22, 1994, the trial court scheduled appellant's new trial date for April 7, 1994, twelve days beyond the last possible day to try him under the speedy trial statute, provided the continuance attributable to the defendant ended on February 22.

We reject the Commonwealth's contention that the time from February 22 to April 7, 1994 should not have been considered for speedy trial purposes. Although it is true that the purpose of the continuance benefited appellant, the Commonwealth was not relieved of its statutory duty to try appellant within the appropriate time limitation, which in this case was five months and thirteen days from the district court's probable cause determination.

Nothing in the record indicates that appellant requested a further continuance after February 22, 1994, or that he concurred in setting the trial date beyond the statutory period. We assume appellant knew that his trial would not be conducted on term day and that additional delay would be necessary after February 22, 1994. However, beginning on term day, the Commonwealth was required to try appellant within the appropriate time limitations, absent a reasonable excuse. The record here sheds no light on why the trial was not scheduled before March 27, 1994, which would have been within the period of time allowed under the speedy trial statute.

■■■ Furthermore, no order indicates that appellant concurred in the selection of the trial date.

> Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in the delay of his trial, or instigated a proceeding which of necessity brought about a delay of his trial, *the delay must be attributed to the Commonwealth.*

*Cantwell v. Commonwealth,* 2 Va.App. 606, 611, 347 S.E.2d 523, 526 (1986)(emphasis added).

As this Court has also explained:

> An accused is not required to take any action to avail himself of his statutory right to a speedy trial. The affirmative duty to act in bringing about a speedy trial rests with the Commonwealth, and the accused may stand mute without waiving his right so long as his actions do not constitute a concurrence in or necessitate the delay.

*Cantwell,* 2 Va.App. at 611, 347 S.E.2d at 525 (citations omitted); *see Baity v. Commonwealth,* 16 Va.App. 497, 501, 431 S.E.2d 891, 893 (1993).

■■■ Following the initial thirteen-day continuance, which was granted pursuant to appellant's request, "no action by [appellant] constituted a concurrence in or necessitated a delay in the commencement of the trial." *Baity,* 16 Va.App. at 501, 431 S.E.2d at 894; *see Taylor v. Commonwealth,* 12 Va.App. 425, 429, 404 S.E.2d 86, 88 (1991).

> The length of the delay was within the trial judge's sound discretion and presumably was exercised while mindful of the requirements of [Code § 19.2–243]. . . .

> \* \* \* \* \* \* \*

> [The record reveals that after February 22, 1994], the trial judge was not hampered by circumstances beyond his control or caused, requested or concurred in by [appellant] that caused a delay in the commencement of [appellant's] trial on or before [March 27, 1994].

*Baity,* 16 Va.App. at 504, 431 S.E.2d at 895. "The failure . . . of . . . [appellant] to insist at the docket call on [February 22,

1994], to set the trial within the prescribed period did not extend the period within which [appellant] must be brought to trial." *Nelms v. Commonwealth,* 11 Va.App. 639, 641, 400 S.E.2d 799, 800 (1991). Furthermore, "[a] defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period." *Godfrey v. Commonwealth,* 227 Va. 460, 463, 317 S.E.2d 781, 783 (1984).

For the foregoing reasons, we reverse and dismiss appellant's conviction.

*Reversed and dismissed.*

ANNUNZIATA, Judge, dissenting.

I respectfully dissent from the majority opinion.

As noted by the majority, the parties agreed that the time between Stinnie's original trial date of February 9 and the date of the docket call, February 22, 1994, was chargeable to Stinnie and that the critical time for the purpose of deciding the speedy trial issue is the period from February 22 to April 7. If that time period is not considered for speedy trial purposes, Stinnie was brought to trial within the five-month period required by statute.

Under the facts of this case and the law that applied, the entire period between February 9 and April 7 is properly excluded from the provisions of Code § 19.2–243 because the delay in the trial date was provided solely for Stinnie's benefit. Specifically, the failure to try Stinnie in accordance with Code § 19.2–243 resulted from his motion for time to prepare for trial *pro se* after dismissing counsel. Unlike a continuance granted an individual accused of a felony to initially obtain counsel, a continuance of a trial previously set, requested by the accused to prepare for trial, benefits only him. Such delays are not inherent in the orderly process of fixing a trial date and will extend the statutory time limitation for the commencement of the trial. *Baity v. Commonwealth,* 16 Va.App. 497, 507, 431 S.E.2d 891, 897 (1993)(citing *Townes v. Commonwealth,* 234 Va. 307, 362 S.E.2d 650 (1987), *cert.*

*denied,* 485 U.S. 971, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988)); *Nelms v. Commonwealth,* 11 Va.App. 639, 641–42, 400 S.E.2d 799, 800–01 (1991); *see also Cantwell v. Commonwealth,* 2 Va.App. 606, 609–13, 347 S.E.2d 523, 524–27 (1986).

Stinnie contends that, notwithstanding his motion for a continuance, he did not waive his right to a speedy trial and that any delay in rescheduling the trial to a date beyond that imposed by the requirements of Code § 19.2–243 is a violation of that right. The majority, in adopting this view, effectively nullifies the principle of law that delay caused by the defendant is excluded from the requirements of Code § 19.2–243, and places upon the Commonwealth a continuing "statutory duty to ensure [the defendant, whose motion for a continuance has been granted, is] still tried within the appropriate time limitations." This position is supported neither by the statute nor the relevant case law. Code § 19.2–243 expressly excludes the application of its provisions to "such period of time as the failure to try the accused was caused . . . [b]y continuance granted on [the accused's] motion." Based on that statute, the Supreme Court of Virginia, as well as this Court, have held that where the accused affirmatively acts and invites the delay in the commencement of trial by such motion, there is no violation of his speedy trial right. *O'Dell v. Commonwealth,* 234 Va. 672, 681, 364 S.E.2d 491, 496, *cert. denied,* 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 154 (1988); *Shearer v. Commonwealth,* 9 Va.App. 394, 402, 388 S.E.2d 828, 832 (1990).

For the reasons stated, I would affirm the appellant's conviction.