COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton, Coleman, Willis,
     Elder, Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


JAMES THOMAS STINNIE, JR.
                                        OPINION BY
v.       Record No. 0706-94-2    JUDGE ROSEMARIE ANNUNZIATA
                                        JULY 23, 1996
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                Jay T. Swett, Judge

     Richard A. DeLoria for appellant.

     Michael T. Judge, Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on
     brief), for appellee.



     By opinion issued February 6, 1996, a panel of this Court

reversed the conviction for statutory burglary of James Thomas

Stinnie, Jr. on the ground that the Commonwealth failed to

commence the trial of his case within five months of finding

probable cause, in violation of Code § 19.2-243.  Stinnie v.

Commonwealth, 21 Va. App. 610, 466 S.E.2d 752 (1996).  A

rehearing en banc was granted to determine whether the delay in

the commencement of Stinnie's case is properly attributable to

Stinnie under the speedy trial statute.  We conclude that the

delay was attributable to Stinnie and affirm his conviction.

     Code § 19.2-243 provides, in part:
          Where a general district court has found
          that there is probable cause to believe that
          the accused has committed a felony, the
          accused, if he is held continuously in
          custody thereafter, shall be forever

discharged from prosecution for such offense
if no trial is commenced in the circuit court
within five months from the date such
probable cause was found by the district
court . . . .

＊　　＊　　＊　　＊　　＊　　＊　　＊

The provisions of this section shall not
apply to such period of time as the failure
to try the accused was caused:

＊　　＊　　＊　　＊　　＊　　＊　　＊

4. By continuance granted on the motion

of the accused or his counsel . . . .

The district court determined probable cause existed on October 14, 1993. Stinnie's original trial date was set for February 9, 1994. In late January, Stinnie requested additional time to prepare his case after he was permitted to dismiss his court-appointed counsel. At that time, he did not request a specific trial date or a continuance for any particular period of time. On February 2, 1994, the trial court heard argument on Stinnie's motion and continued the case until docket call on February 22, 1994, which was the court's term day. On term day, the trial court scheduled Stinnie's new trial date for April 7, 1994.

Both parties agreed that the time between Stinnie's original trial date of February 9 and the date of the docket call, February 22, 1994, was chargeable to Stinnie and that the critical time for the purpose of deciding the speedy trial issue is the period from February 22 to April 7. If that time period

is not considered for speedy trial purposes, Stinnie was brought to trial within the five-month period required by the statute. If that period is considered, on the theory that the continuance lasted only until February 22, Stinnie's trial was held twelve days beyond the last possible day to try him under the speedy trial statute.

Under the facts of this case, we hold that the period between February 9 and April 7 is properly excluded from the provisions of Code § 19.2-243.  We are not persuaded by the argument that Stinnie's motion for continuance lasted only until term day, February 22, a day on which the trial court clearly would not have intended to conduct trial.

The delay in the commencement of trial was provided solely for Stinnie's benefit.  The failure to try Stinnie in accordance with Code § 19.2-243 resulted from his motion for time to prepare for trial pro se after dismissing counsel.  Unlike a continuance granted to an individual accused of a felony to initially obtain counsel, a continuance of a trial previously set, requested by the accused to prepare for trial, benefits only him.  Such delays are not inherent in the orderly process of fixing a trial date and will extend the statutory time limitation for the commencement of the trial.  See Baity v. Commonwealth, 16 Va. App. 497, 507, 431 S.E.2d 891, 897 (1993) (citing Townes v. Commonwealth, 234 Va. 307, 362 S.E.2d 650 (1987), cert. denied, 485 U.S. 971 (1988)); Nelms v. Commonwealth, 11 Va. App. 639,

641-42, 400 S.E.2d 799, 800-01 (1991); Cantwell v. Commonwealth, 2 Va. App. 606, 609-13, 347 S.E.2d 523, 524-27 (1986).

Stinnie contends that, notwithstanding his motion for a continuance, he did not waive his right to a speedy trial and that any delay in rescheduling the trial to a date beyond that imposed by the requirements of Code § 19.2-243 is a violation of that right. However, adoption of Stinnie's position would effectively nullify the principle of law that delay caused by the defendant is excluded from the requirements of Code § 19.2-243, and would place upon the Commonwealth a continuing duty to ensure a trial within the appropriate time limitations to a defendant whose motion for a continuance has been granted. This position is supported neither by the statute nor the relevant case law. Code § 19.2-243 expressly excludes the application of its provisions to "such period of time as the failure to try the accused was caused . . . [b]y continuance granted on [the accused's] motion." Based on that statute, both the Supreme Court of Virginia and this Court have held that where the accused affirmatively acts and invites the delay in the commencement of trial by such motion, there is no violation of his speedy trial right. O'Dell v. Commonwealth, 234 Va. 672, 681, 364 S.E.2d 491, 496, cert. denied, 488 U.S. 871 (1988); Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990).

Accordingly, Stinnie's conviction is affirmed.

Affirmed.

- 4 -

Elder, J., with whom Benton, J., joins, dissenting.

For the reasons stated in the majority opinion of the panel decision I would reverse appellant's conviction.