COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Benton, Coleman, Elder,
Bray, Annunziata, Bumgardner, Lemons* and Frank
Argued at Richmond, Virginia


WAYNE LENARDO HEATH

                                              OPINION BY
v.   Record No. 0203-98-2        JUDGE ROSEMARIE ANNUNZIATA
                                              APRIL 11, 2000
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Mary Katherine Martin, Senior Assistant
Public Defender (Office of the Public
Defender, on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On July 6, 1999, a panel of this Court reversed the murder

conviction of Wayne Lenardo Heath based on its view that

appellant's statutory right to a speedy trial pursuant to Code

§ 19.2-243 had been violated.  The Commonwealth filed a petition

for rehearing en banc, which we granted on August 20, 1999.  Upon

rehearing, we affirm the decision of the trial court.

---

* Justice Lemons participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

BACKGROUND

The record establishes that the Juvenile and Domestic Relations District Court of the City of Petersburg held a preliminary hearing on March 20, 1997, and found probable cause to believe Wayne Lenardo Heath committed first-degree murder. The grand jury indicted Heath on that charge. On September 18, 1997, the circuit court set the trial date for October 15, 1997. Heath was convicted of first-degree murder at a bench trial on that date, and was sentenced on February 6, 1998 to sixty-nine years and five months in prison.

Heath remained continuously in custody from the preliminary hearing, March 20, 1997, until the trial on October 15, 1997, a period of 209 days. Absent tolling of the statute, he should have been tried within 152 and a fraction days. See Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988).

On May 6, 1997, the parties appeared in the circuit court on the Commonwealth's motion to compel the taking of a blood sample from Heath "for scientific comparison." Although the record contains no written motion, the trial judge entered an order on May 15, 1997, granting the motion and ordering Heath to give the blood sample. The order, which is endorsed by both counsel without objection, contains no request for a continuance and grants no continuance. The record also contains an order entered July 8, 1997, which duplicates the earlier order that Heath give a blood sample. The July 8, 1997 order also contains

-

the notation that "[i]t is further ordered that the case be continued until May 15, 1997, at 11:00 a.m. to be reset for trial."[1]  This order was not endorsed by counsel and does not reflect whether either attorney requested the continuance.

On August 1, 1997, the trial court granted Heath's motion requesting a psychiatric evaluation to determine his competency to stand trial and ordered an evaluation.  From the entry of the court's order until September 10, 1997, when Heath received the results of the evaluation, he could not proceed to trial.  At the circuit court's next docket call on September 18, 1997, the case was set for trial on October 15, 1997, fifty days beyond the five-month period.[2]

The time limitation for the commencement of felony trials is governed by Code § 19.2-243,[3] which provides, in relevant part:

---

[1] The record does not indicate that a trial date had been set prior to either May 15, 1997 or July 8, 1997.  The record also reflects that no trial date was set at the hearing on May 15, 1997.

[2] Trial was set at Heath's request, notwithstanding the fact that the analysis of Heath's blood sample which the Commonwealth earlier requested had not been completed.  The Commonwealth nonetheless did not oppose the setting of the trial date and made no motion for a continuance.  Ultimately, the certificate of analysis was completed on October 6, 1997, and filed prior to trial on October 10, 1997.

[3] The entire statute reads as follows:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever

-

discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.

Where a case is before a circuit court on appeal from a conviction of a misdemeanor or traffic infraction in a district court, the accused shall be forever discharged from prosecution for such offense if the trial de novo in the circuit court is not commenced (i) within five months from the date of the conviction if the accused has been held continuously in custody or (ii) within nine months of the date of the conviction if the accused has been recognized for his appearance in the circuit court.

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

Where a general district court has found
that there is probable cause to believe that
the accused has committed a felony, the
accused, if he is held continuously in
custody thereafter, shall be forever
discharged from prosecution for such offense
if no trial is commenced in the circuit
court within five months from the date such
probable cause was found by the district
court . . . .

"When an accused asserts that he has been denied a speedy trial,
the burden is on the Commonwealth to explain and excuse the

---

1.  By his insanity or by reason of his
confinement in a hospital for care and
observation;

2.  By the witnesses for the Commonwealth
being enticed or kept away, or prevented
from attending by sickness or accident;

3.  By the granting of a separate trial at
the request of a person indicted jointly
with others for a felony;

4.  By continuance granted on the motion of
the accused or his counsel, or by
concurrence of the accused or his counsel in
such a motion by the attorney for the
Commonwealth, or by the failure of the
accused or his counsel to make a timely
objection to such a motion by the attorney
for the Commonwealth, or by reason of his
escaping from jail or failing to appear
according to his recognizance; or

5.  By the inability of the jury to agree in
their verdict.

    But the time during the pendency of any
appeal in any appellate court shall not be
included as applying to the provisions of
this section.

Code § 19.2-243.

-

delay." Adkins v. Commonwealth, 13 Va. App. 519, 521, 414

S.E.2d 188, 189 (1992). "[I]t is the prosecution which has the

responsibility of vindicating society's interests in swift and

certain justice, and the burden of demonstrating that a delay in

commencing trial is excused under Code § 19.2-243 lies upon the

Commonwealth." Robinson v. Commonwealth, 28 Va. App. 148, 153,

502 S.E.2d 704, 706 (1998) (citations omitted). "The

Commonwealth must prove that the delay was based on 'one of the

reasons enumerated in [Code § 19.2-243] or on [the accused's]

waiver, actual or implied, of his right to be tried within the

designated period.'" Powell v. Commonwealth, 29 Va. App. 745,

748, 514 S.E.2d 785, 787 (1999) (citation omitted). If the

Commonwealth fails to meet these burdens, the statute requires

discharge of the prosecution. See id.

## ANALYSIS

To decide the question presented, we look to the court's

orders explaining the delays in proceeding to trial. See Guba

v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 766, 767

(1989). We may also look to the rest of the record to assess

the responsibility for delay that caused "the failure to try the

accused," Stinnie v. Commonwealth, 22 Va. App. 726, 729, 473

S.E.2d 83, 84 (1996) (en banc), within the time frame mandated

by statute. See Baity v. Commonwealth, 16 Va. App. 497, 503,

431 S.E.2d 891, 894-95 (1993) ("Although [the court's] orders

facilitate the assessment of responsibility for delay and the

-

determination of the merits of a Code § 19.2-243 claim, such orders do not and should not limit the scope of appellate review.").

Delays in the trial were caused by both the Commonwealth and the defendant. During the delay occasioned by the Commonwealth's motion for a blood test, Heath's motion for a psychiatric examination was granted, necessitating a trial delay until he stood ready to proceed. Thus, notwithstanding the Commonwealth's responsibility for delaying the trial for the purpose of obtaining a blood test, Heath made clear that he was not ready for trial. The delay caused by Heath's motion for a psychiatric examination is, therefore, properly chargeable to him.[4] See Moten, 7 Va. App. at 444, 374 S.E.2d at 707; see also Jones v. Commonwealth, 13 Va. App. 566, 569-71, 414 S.E.2d 193, 194-95 (1992).

As we have stated previously,

> [w]hen the defendant requests and is granted a continuance for an indefinite period of time, the speedy trial period will not recommence until the defendant announces to the Commonwealth that he stands ready for trial. "[W]here the accused affirmatively acts and invites the delay in the commencement of trial by such motion, there is no violation of his speedy trial right."

---

[4] By his motion, Heath acquiesced, in effect, to that portion of the delay caused by the Commonwealth which ran concurrently with the delay he had caused.

-

Jefferson v. Commonwealth, 23 Va. App. 652, 657, 479 S.E.2d 80, 82 (1996) (quoting Stinnie, 22 Va. App. at 730, 473 S.E.2d at 85) (additional citations omitted).  The delay in this instance was for Heath's benefit, and, notwithstanding the absence of a formal motion to continue the matter to permit a psychiatric examination to be conducted, the de facto continuance which resulted was caused by his action.  See Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27-28 (1983) (although defendant did not move for a continuance, he was responsible for the delay because he filed a motion to suppress which necessitated a slow-down in the judicial process); see also Jones, 13 Va. App. at 569-71, 414 S.E.2d at 194-95; Moten, 7 Va. App. at 444, 374 S.E.2d at 707.

Calculating the time from August 2, 1997, the day following the date Heath's motion was filed and the court's order was entered, see Randolph v. Commonwealth, 22 Va. App. 334, 335-36, 470 S.E.2d 132, 133 (1996), to October 15, 1997, the date Heath was tried, produces a total chargeable delay of 75 days.  See Stinnie, 22 Va. App. at 728-30, 473 S.E.2d at 84-85 (defendant's continuance did not end at term day, but rather on the date trial was set).  As such, the delay is properly chargeable to Heath and tolled the time limitations imposed under Code § 19.2-243.

When the period of delay occasioned by Heath's motion for a psychiatric evaluation is subtracted from the total period of

-

delay, it is manifest that Heath was tried within the five-month period required by statute.  Thus, for the reasons stated, we affirm the conviction.

<u>Affirmed</u>.

Benton, J., with whom Coleman, J., joins, dissenting.

The Juvenile and Domestic Relations District Court of the City of Petersburg held a preliminary hearing on March 20, 1997, and found probable cause to believe Wayne Lenardo Heath committed the charged murder. The grand jury indicted Heath for first degree murder. On September 18, 1997, six months after the finding of probable cause, the trial judge set the initial trial date for October 15, 1997. Heath remained continuously in custody from the preliminary hearing until the trial on October 15, 1997, a period of 209 days. I would hold that the delay in trying Heath within the 152 days required by statute is chargeable to the Commonwealth.

The statute governing the time limitation for the commencement of felony trials provides as follows:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced in the circuit
> court within five months from the date such
> probable cause was found by the district
> court . . . .

Code § 19.2-243. "If [the accused] is not tried within the time specified in Code § 19.2-243, the burden is on the Commonwealth to explain the delay." Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). To avoid the statutory remedy of discharge from prosecution, "[t]he Commonwealth must prove

-

that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'" Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997) (citation omitted).

Heath's trial was not commenced within five months from the date the judge of the juvenile court found probable cause. "The five month period is computed as 152 and a fraction days." Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). The five-month period ended August 20, 1997, and Heath was tried on October 15, 1997. Although the Commonwealth contends the additional fifty-six days that elapsed before the trial should be charged to Heath, the record does not support that claim.

The Commonwealth argues that the first delay, which was occasioned by the Commonwealth's request to take a blood sample from Heath, is chargeable to Heath. I disagree. The Commonwealth neglected to secure a timely trial date and focused, instead, on obtaining a blood sample to use as evidence for trial. The Commonwealth's lack of diligence in obtaining the blood sample and completing the testing was the superseding cause for all of the delay in this case.

The record indicates that on May 6, 1997, the parties appeared in the circuit court on the Commonwealth's motion to

-

compel the taking of a blood sample from Heath "for scientific comparison." The trial judge entered an order on May 15, 1997, granting the motion and ordering Heath to give the blood sample. The order, which was endorsed by both counsel and entered five months before Heath was ultimately tried, contains no reference to a continuance. Although the Commonwealth asserts that Heath did not object to a continuance, the record clearly reflects that the Commonwealth made no motion for a continuance. Furthermore, the order granted no continuance; it merely "ORDERED [the Commonwealth] to report any scientific findings in relation to the . . . examination."

For reasons unexplained in the record, the trial judge signed another order on July 8, 1997, nunc pro tunc to May 6, 1997, granting the same motion to compel a blood sample and continuing the matter to May 15, 1997. The record contains no indication that any notice was given to either party of the entry of the order; the order was not signed by either counsel, "and nothing in the order indicated that compliance with . . . [Rule 1:13] was waived or dispensed with for good cause." Smiley v. Erickson, 29 Va. App. 426, 430, 512 S.E.2d 842, 844 (1999); see also Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989) (holding that "a court speaks through its written orders"). Thus, this order was "void ab initio because it was entered in violation of Rule 1:13." Smiley, 29 Va. App. at 430, 512 S.E.2d at 844. Furthermore, the record does not

-

indicate that a trial date had been set prior to either May 15, 1997, or July 8, 1997. The record also reflects that no trial date was set on May 15, 1997.

For reasons also not explained in this record, the Commonwealth did not draw the blood sample until August 20, 1997, and did not report the results of the testing until October 6, 1997, exactly five months after the original order was entered. The record contains no indication that Heath did anything to delay the process of taking a sample of his blood. Cf. Jones v. Commonwealth, 13 Va. App. 566, 570, 414 S.E.2d 193, 195 (1992) (noting that "[d]espite several written requests to defense counsel for information necessary to the examination, defendant did not respond until . . . nearly five months after the initial correspondence). Heath was incarcerated during the entire period; therefore, he was clearly available for the sample to be drawn at an earlier time. Neither defense counsel nor Heath can be charged with anticipating that the request of the Commonwealth for a blood sample would cause a delay, particularly one that would span more than five months. Indeed, it appears that even the trial judge assumed on July 8, 1997, that the blood testing would take one week.

In ruling on Heath's dismissal motion, the trial judge noted that Heath did not object to the length of time it took to test his blood. Heath bore no responsibility, however, to assure that he was tried within the statutory speedy trial

-

period.  "It is well settled than [an accused] ha[s] no duty to demand that a trial date be set within the [statutorily] prescribed period . . . in order to preserve his statutory right to a speedy trial."  Baity v. Commonwealth, 16 Va. App. 497, 501, 431 S.E.2d 891, 893 (1993) (en banc).

> The fact that defense counsel knew that the available trial date was beyond the five month period is of no consequence.  Although in setting its docket the trial court should consider counsel's available dates and whether the date selected is convenient for counsel, absent defendant's request for a continuance or concurrence in the Commonwealth's request or waiver of the right to a speedy trial, the trial judge has the responsibility to commence the trial within the statutorily specified time regardless of whether the date is convenient for counsel. . . .  The Commonwealth has the duty, absent an exception set forth in the statute, to provide the accused a speedy trial.
>
> Providing available dates and agreeing to a trial date that is outside the statutory period are not actions constituting a waiver of the statutory speedy trial requirement.

Baker, 25 Va. App. at 24, 486 S.E.2d at 114.  Further, as we have stated in the recent past with alarming frequency:

> Only the trial court, not the Commonwealth's Attorney, has authority to schedule criminal cases for trial.  Code § 19.2-241 provides that "[t]he judge of each circuit court shall fix a day of his court when the trial of criminal cases will commence, and may make such general or special order in reference thereto. . . ."  This provision contemplates an orderly procedure for setting criminal cases and expressly places the control of that process under the supervision of the trial court, not a party

-

litigant.  The policy expressed in this
provision recognizes the role of the trial
judge in insuring the prompt disposition of
criminal cases.

Williams v. Commonwealth, 2 Va. App. 566, 569, 347 S.E.2d 146,

148 (1986) (citations omitted); see also Powell v. Commonwealth,

29 Va. App. 745, 750, 514 S.E.2d 785, 788 (1999); Baker, 25 Va.

App. at 23-24, 486 S.E.2d at 113-14; Baity, 16 Va. App. at 502,

431 S.E.2d at 894.

The record also is devoid of evidence that the Commonwealth

made any attempt or expressed any desire to schedule a trial

date either during the pendency of its motion to compel a blood

test or during the delay in taking the blood sample and

reporting the results of the test.  Moreover, at Heath's

request, notwithstanding the fact that the analysis of his blood

sample had not been completed, a trial date was set and the

Commonwealth did not object or ask for a date to be set within

the statutory framework.  Given that the Commonwealth managed to

file the certificate of analysis on October 10, 1997, five days

before the trial, certainly it could have been made available at

an earlier date if trying Heath in accordance with the guarantee

of a speedy trial had been a priority.

The record does not contain any indication that either

party requested a continuance or that Heath's counsel knew of

the void order entered two months after the hearing.  The May 6,

1997 order does not recite that a continuance was sought or

-

granted.  Certainly, Heath's counsel had no obligation to object to what the Commonwealth now baldly asserts to be a "continuance."  Therefore, I would hold that this delay cannot be attributed to Heath.  See Taylor v. Commonwealth, 12 Va. App. 425, 429, 404 S.E.2d 86, 88 (1991) (holding that "[w]ithout anything . . . in the record . . . to show that a defendant agreed to or concurred in the delay of his trial, or instituted a proceeding which of necessity brought about a delay in his trial, the delay must be attributed to the Commonwealth).  Cf. Code § 19.2-243(4) (discussing the tolling of the speedy trial requirement when a continuance is granted at the request of the defendant or upon the concurrence of the defendant in a request of the Commonwealth).

The Commonwealth further argues that the time which elapsed during Heath's psychiatric competency examination is a delay chargeable to Heath.  Recognizing "the Commonwealth's responsibility for delaying the trial for the purpose of obtaining a blood test," the majority, nonetheless, holds that this time is charged to Heath.  I disagree.

Although the majority relies on Jones and Moten, both of which involved a request made by the accused for a competency evaluation pursuant to Code § 19.2-169.1, those cases are inapposite.  In Jones, unlike this case, the report was not returnable to a date certain, and it was delayed both because of a request for information by the institution responsible for

-

preparing the report and because the accused was uncooperative with the examiner.  See 13 Va. App. at 569-71, 414 S.E.2d at 194-95.  In addition, unlike Heath, the accused in Jones requested a hearing to determine competency after the report was filed.  See id. at 569, 414 S.E.2d at 195.

In Moten, also unlike this case, the defendant refused to cooperate with the psychologist who was assigned to conduct the competency evaluation.  Because of that difficulty, the judge had to transfer the defendant to a mental health facility for a second evaluation.  See 7 Va. App. at 444, 374 S.E.2d at 707.

The majority aptly notes that Heath did not move for a continuance when he requested a competency evaluation.  Yet, relying on Jefferson v. Commonwealth, 23 Va. App. 652, 479 S.E.2d 90 (1996), the majority rules that Heath's motion created a de facto continuance.  The holding in Jefferson does not support that ruling; it only applies when a defendant "requests and is granted a continuance for an indefinite period of time." 23 Va. App. at 652, 479 S.E.2d at 82.

The record in this appeal proves that on August 1, 1997, when Heath filed a motion for a competency evaluation, no trial date had been set and the results of the blood test requested by the Commonwealth had not been filed.  The trial judge granted Heath's motion on August 1, 1997, and ordered the competency evaluation report to be filed on a specific date, September 12, 1997.  Heath fully cooperated with the evaluation and did

-

nothing to delay it or the setting of a trial date.  Heath filed

the report on September 10, 1997, and made no request for a

hearing.  At that time, no trial date had been set and the

results of the blood test still had not been filed.  On

September 18, 1997, six months after the finding of probable

cause, the trial judge set a trial date of October 15, 1997.

Heath's motion for an evaluation contained no request for a

continuance; the order approving the evaluation granted no

continuance; and, contrary to the majority opinion's assertion,

the evaluation caused no delay in the trial.  Although certain

types of defense motions inherently cause delay in the process,

see, e.g., Stephens v. Commonwealth, 225 Va. 224, 233-34, 301

S.E.2d 22, 27 (1983) (finding that when the defendant filed a

motion to suppress he was not asking for a speedy trial, but

instead wanted reasoned consideration from the judge), "[t]he

filing of motions by a defendant will not in every case justify

a delay beyond the time required by Code § 19.2-243 to bring him

to trial."  Cantrell v. Commonwealth, 2 Va. App. 606, 613, 347

S.E.2d 523, 526 (1986).  Certainly, Heath's conduct did not

delay this trial; it could not have done so because the orderly

process of going to trial had already been and continued to be

delayed by the Commonwealth's failure to diligently obtain and

test the blood sample.

Even if the granting of the motion could be considered a de

facto continuance, Jones and Moten do not control.  We have

-

unequivocally held that "[b]efore a continuance tolls the running of time under the statute, two requirements must be met: (1) the continuance must result in a 'failure to try the accused' and (2) the continuance must be granted 'on motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth," Nelms v. Commonwealth, 11 Va. App. 639, 641, 400 S.E.2d 799, 801 (1991) (citation omitted), or "by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth."  Code § 19.2-243(4).

While I do not agree that this time is chargeable to Heath, even if it were, it would not change the fact that Heath's right to a speedy trial was violated because of delay caused by the Commonwealth.  Clearly, any time consumed during the examination and preparation of the competency evaluation did not result in the failure to try Heath.  Heath requested, and the trial judge ordered, a competency evaluation on August 1, 1997.  Heath's counsel received the results of that evaluation on September 6, 1997, and filed them in the court on September 10, 1997.  On September 18, 1997, the trial judge set the trial for October 15, 1997.  The entire process of requesting the evaluation, completing it, and receiving the report took place within the time frame of the initial delay caused by the Commonwealth's lack of diligence in obtaining the requested blood sample and completing the testing.  Heath's blood sample, which was ordered

-

given in May, was not taken until August 20, 1997. Although Heath was continuously in custody, the blood sample was not submitted to the laboratory until August 21, 1997, more than three months after the Commonwealth was authorized to take the sample. The certificate of analysis of Heath's blood was not completed until October 6, 1997, and was not filed in the trial court until October 10, 1997. Heath's motion, therefore, could not have tolled the statute because no trial date had been set and the Commonwealth had not filed the certificate of analysis with the circuit court.

Moreover, on August 1, 1997, when the trial judge ordered the competency evaluation, the trial judge set September 12, 1997, as the deadline for the report to be filed. Heath completed the evaluation in less than six weeks and filed the report on September 10, 1997. Meanwhile, from the time the Commonwealth requested the blood sample on May 6, 1997 to October 10, 1997, when the certificate of analysis was filed, more than five months passed.

Thus, Heath did nothing that "delayed the court in setting the case for trial." Robbs v. Commonwealth, 252 Va. 433, 436, 478 S.E.2d 699, 701 (1996).

> Although this [evaluation] benefited
> [Heath], it cannot logically or factually be
> said that [it] caused a delay in the
> commencement of [Heath's] trial. No trial
> was set which was delayed during this period
> of time and this action did not prevent the
> court from setting the case for trial within

-

> the statutory time. No attempt was made to set a trial date during this time. The length of the delay was within the trial judge's sound discretion and presumably was exercised while mindful of the requirements of . . . Code §§ 19.2-241 and 19.2-243.

Baity, 16 Va. App. at 503-04, 431 S.E.2d at 895.

On September 18, 1997, the trial judge set a trial date of October 15, 1997. Although the trial judge earlier could have set a trial date, the trial judge failed to do so. The principle is well established that prompt setting of a trial date provides a benchmark "to insure a speedy trial, for the benefit of the accused no less than for the Commonwealth." Benton v. Commonwealth, 90 Va. 328, 332, 18 S.E. 282, 284 (1893). We noted the following in Nelms:

> No trial date had been set and no attempt was made to set one. . . . The order does not reflect that the case was continued on a motion by either party. Since the matter had not been set for trial, neither the accused nor the attorney for the Commonwealth had any reason to move for a continuance.

11 Va. App. at 641-42, 400 S.E.2d at 801. The same circumstances prevail in this case.

"Nothing in the record shows that '[Heath's] filing of the motion necessitated a slow-down of the judicial process' because . . . the case had not yet been set for trial and the filing of [the] motion did not necessitate a continuance of the trial date." Robbs, 252 Va. at 436, 478 S.E.2d at 700. The Commonwealth cannot fail to act diligently and then shift blame

-

for its lack of diligence to the defendant.  The failure to try Heath at an earlier time undoubtedly occurred because neither the trial judge nor the Commonwealth considered significant the need to promptly fix a timely trial date.

Furthermore, even if we charged against Heath the time that elapsed from the date of filing his motion to the day trial was set, August 1 to September 18, that accounts for only forty-nine days.  Heath remained continuously in custody for 209 days from the day the juvenile court found probable cause to believe Heath committed the charged murder.  Thus, Heath was still tried 160 days after the finding of probable cause, which is beyond the 152 and a fraction day speedy trial limit.  See Code § 19.2-243. Moreover, had the trial judge scheduled the matter for trial before October 7, 1997, the trial would have occurred within the statutory time period.  Notably, Heath filed his competency evaluation report on September 10 and the testing of Heath's blood was completed October 6.  The Commonwealth, however, did not file the blood test results until October 10.

The record reflects that Heath was held continuously in custody and, through no fault of his own, was not tried within five months of the date of his preliminary hearing.  Therefore, I would reverse the conviction.  Accordingly, I dissent.

-