COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia


DILLARD BOOKER, S/K/A
 DILLARD J. BOOKER

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2055-05-1            JUDGE RANDOLPH A. BEALES
                                                      DECEMBER 28, 2006

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                             Vincent H. Conway, Jr., Judge

             William Roots, Jr. (Law Office of William Roots, Jr., on brief), for
             appellant.

             Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
             Attorney General, on brief), for appellee.


        Dillard Booker (appellant) appeals from his conviction by jury of forcible sodomy, object

sexual penetration, and abduction under Code §§ 18.2-67.1, 18.2-67.2, and 18.2-47 respectively.

Appellant contends that his right to a statutory speedy trial under Code § 19.2-243 was violated.

Finding no violation of that statute, we affirm.

                                              I.

                                       BACKGROUND

        As this appeal addresses only an alleged violation of the speedy trial statute, only a brief

discussion of the relevant facts is necessary.  Appellant was charged with forcible sodomy, object

sexual penetration, and abduction of a nine-year-old girl.  The juvenile court found probable cause

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for these charges on February 5, 2003, and appellant was thereafter held in custody without bail. The court appointed counsel for appellant on that date.

A bench trial was scheduled for March 7, 2003. On that date, appellant's court-appointed counsel moved to withdraw, "consistent with [appellant's] wishes." Appellant informed the trial court that he wished to hire his own attorney and that he had the means to do so through his family. Counsel explained, "[Appellant's] fiancée and some of his other family members came to my office . . . and they indicated to me at that time that they were financially unable to assist [appellant] . . . [the family] asked me to instruct [appellant] that they could not [assist]." Appellant, nevertheless, maintained that he would "like to try to get [his] own attorney." The trial court granted counsel's motion to withdraw and continued the matter to April 14. The court explained that a retained attorney would have to appear with appellant at that hearing, or the court would "examine [appellant] on April 14th as to [his] financial means and consider appointing new counsel."

The trial court entered an order on April 14, 2003 that read: "On motion of the defendant, the Court ORDERS that these matters be continued until May 12, 2003 at 1:30 p.m., DOCKET CALL."[1] On May 12, the court entered an order finding appellant indigent; that order appointed new counsel and continued the case until the June 9, 2003 docket call. At the June 9 docket call, the court set trial for August 5, 2003, and appellant did not object to setting trial for that date.

On July 18, 2003, the trial court granted the Commonwealth's motion for a continuance from the August 5 trial date, noting appellant's objection to the same. The trial was rescheduled for August 26, 2003. On August 26, 2003, however, appellant requested a jury trial, and since one was not available, the matter was rescheduled. The court entered an order on August 26 that continued the case until October 20, 2003. At a hearing on October 3, 2003, the Commonwealth explained

---

[1] No transcript of this hearing was included in the record. Appellant notes the order was entered for "an unknown reason."

that a jury was no longer available on October 20. Over appellant's objection, the court entered an order to continue the case until November 3, 2003.

On October 31, 2003, appellant filed a motion to dismiss, alleging a violation of the Code § 19.2-243 five-month speedy trial period. The trial court took the motion under advisement and continued the trial yet again from November 3 to December 15, 2003. Upon a request by the Commonwealth, however, the court released appellant to pre-trial services on November 3, 2003. By order entered December 11, 2003, the trial court denied the motion to dismiss.

The trial was continued several other times, until finally commencing on May 23, 2005. On that date, a jury found appellant guilty of the charged offenses. This appeal followed.

II.

ANALYSIS

Code § 19.2-243 reads, in pertinent part:

> Where a general district [or juvenile] court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

However, Code § 19.2-243(4) explains that the five-month period is tolled when the delay is caused:

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance . . . .

"The burden is on the Commonwealth to prove that the delay in trying appellant was excusable, based either on one of the reasons enumerated in the statute or on appellant's waiver of his right

- 3 -

to be tried within the designated period." Shavin v. Commonwealth, 17 Va. App. 256, 265, 437 S.E.2d 411, 418 (1993).

Here, appellant argues that he was held in custody for a period of two hundred forty-one days from the finding of probable cause on February 5, 2003 until his release to pre-trial services on November 3, 2003. Appellant maintains that the only period "arguably attributable" to him was between March 7 and April 14, 2003 but, on brief, contends that period should actually be attributed to the Commonwealth since "the record is silent as to why counsel requested to withdraw." Appellant also notes that the order continuing the matter from April 14 to May 12, though granted "on motion of the defendant," was entered "for an unknown reason" and that the Commonwealth bears the burden for proving that time was attributable to appellant. Finally, relying on Baity v. Commonwealth, 16 Va. App. 497, 502, 431 S.E.2d 891, 894 (1993), appellant argues the delay caused by the March 7 motion to withdraw and the continuance is "inherent in the process of fixing a timely trial date[,] . . . is accommodated by the statutory time limitations[, and] is not a delay that extends these time limitations."

We believe that this present matter is inapposite to Baity and is instead controlled by our decision in Stinnie v. Commonwealth, 22 Va. App. 726, 473 S.E.2d 83 (1996) (*en banc*). In Baity, a continuance was granted to allow the defendant to *initially* obtain counsel. However, in Stinnie, the defendant "requested additional time to prepare his case after he was permitted to dismiss his court-appointed counsel." Id. at 728, 473 S.E.2d at 84. We held:

> The delay in the commencement of trial was provided solely for [appellant]'s benefit. . . . Unlike a continuance granted to an individual accused of a felony to *initially* obtain counsel, a continuance of a trial previously set, requested by the accused to prepare for trial, benefits only him. Such delays are not inherent in the orderly process of fixing a trial date and will extend the statutory time limitation for the commencement of the trial.

Id. at 729, 473 S.E.2d at 84 (emphasis added).

- 4 -

Here, appellant's original, court-appointed counsel proffered that her motion to withdraw was "consistent with [appellant's] wishes." The March 7, 2003 continuance gave appellant, as he desired, additional time and the opportunity to hire an attorney. Therefore, we hold that here, as in Stinnie, a continuance was granted solely for appellant's benefit, and the five-month speedy trial period began to toll on March 7, 2003.

Furthermore, the trial court entered the subsequent April 14, 2003 continuance order "on motion of the defendant." Though appellant argues that the April 14 order was entered "for an unknown reason," we note that, in general, "'A court speaks only through its orders.'" Jefferson v. Commonwealth, 269 Va. 136, 139, 607 S.E.2d 107, 109 (2005) (quoting Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). If appellant wanted this Court to determine whether that order properly attributed the time to him, then appellant should have provided a transcript from the April 14 hearing, as required by Rule 5A:25. Based on the record before us, we conclude that the delay resulting from the April 14, 2003 continuance was also properly attributed to appellant.

The record reflects that the trial court appointed new counsel for appellant on May 12, 2003 and continued the case until the June 9 docket call, when the trial was set for August 5, 2003. Appellant concedes that he did not object during the June 9 docket call to the August 5 trial date or seek to obtain an earlier trial date. Thus, the March 7 continuance tolled the statutory speedy trial period until the August 5 trial date, at which time the case was continued on the Commonwealth's motion. Therefore, subtracting the time from March 7 to August 5, appellant was held in custody for 120 days from the finding of probable cause on February 5, 2003 until his release to pre-trial services on November 3, 2003. Since that time is within the five-month speedy

trial period mandated by Code § 19.2-243,[2] we need not address whether the delay from August 5 to November 3, 2003 was attributable to appellant or to the Commonwealth.

III.

CONCLUSION

Based on the foregoing, we hold that appellant's right to a statutory speedy trial under Code § 19.2-243 was not violated. We note that appellant did not argue a violation of the nine-month, non-custodial period provided by Code § 19.2-243, nor did he contend that there was a violation of his constitutional right to a speedy trial. Accordingly, we need not address either, and we affirm appellant's convictions.

<u>Affirmed.</u>

---

[2] "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." <u>Ballance v. Commonwealth</u>, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).