COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


LOUIS JORDAN POWELL, JR.
                                            OPINION BY
v.    Record No. 1051-98-2        JUDGE JAMES W. BENTON, JR.
                                          MAY 25, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                 Charles L. McCormick, III, Judge

         Glenn L. Berger (Curtis L. Thornhill;
         Berger & Thornhill, on brief), for appellant.

         Daniel J. Munroe, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     A grand jury indicted Louis Jordan Powell, Jr., for murder,

use of a firearm in the commission of murder, and possession of a

firearm after having been convicted of a felony.  Prior to trial,

Powell pled guilty to possessing a firearm after having been

convicted of a felony.  The Commonwealth did not consent to entry

of a conditional plea.  See Code § 19.2-254.  A jury convicted

Powell of the two remaining charges.  On this appeal from the

convictions of second degree murder and using a firearm in the

commission of murder, Powell contends the trial judge erred in (1)

denying his motion to dismiss because of a speedy trial violation,

(2) denying his motion to suppress his statement to police because

of a Miranda violation, (3) admitting into evidence unsigned notes

of a deputy sheriff memoralizing Powell's statement, (4) refusing to instruct the jury that parole has been abolished in Virginia, (5) instructing the jury on the elements of second degree murder, and (6) instructing the jury on the burden to prove self-defense. For the reasons that follow, we hold that Powell was not tried within the time period specified in Code § 19.2-243, and we reverse both convictions and dismiss the indictments.

I.

The record established that officers of the Halifax County Sheriff's Department arrested Louis Jordan Powell, Jr., on January 26, 1996, on four warrants charging Powell with first degree murder of a juvenile, discharging a firearm within a building, using a firearm in the commission of murder, and possessing a firearm after having been convicted of a felony. On March 19, 1996, a judge of the juvenile and domestic relations district court found probable cause to believe Powell committed the offenses and certified the matters to the grand jury. Powell was taken into custody March 19, 1996, and has remained continuously in custody.

In May 1996, the grand jury indicted Powell for murder, use of a firearm in the commission of murder, and possessing a firearm after having been convicted of a felony. The record indicates that the only order entered in the circuit court after the return of the indictments and before trial was an order relieving Powell's initial trial attorney from his representation and

-

substituting another attorney to represent Powell.  On October 8,
1996, Powell's attorney filed a motion pursuant to Code § 19.2-243
"to discharge [Powell] from prosecution for failure to commence
trial within five (5) months from the date probable cause was
found."  On October 9, immediately prior to the commencement of
trial, the trial judge heard evidence on the motion and denied the
motion.  After considering other motions, the trial judge
arraigned Powell.  Powell pled guilty to the charge of possessing
a firearm after having been convicted of a felony.  He pled not
guilty to murder and use of a firearm in the commission of murder.
At the conclusion of the evidence, the jury convicted Powell of
second degree murder and use of a firearm in the commission of
murder.

II.

As pertinent to this appeal, the statute governing the time
limitation for the commencement of felony trials provides as
follows:

> Where a general district court has found
> that there is probable cause to believe that
> the accused has committed a felony, the
> accused, if he is held continuously in
> custody thereafter, shall be forever
> discharged from prosecution for such offense
> if no trial is commenced in the circuit
> court within five months from the date such
> probable cause was found by the district
> court.

Code § 19.2-243.  "If [the accused] is not tried within the time
specified in Code § 19.2-243, the burden is on the Commonwealth

-

to explain the delay."  Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984).  To avoid the statutory remedy of discharge from prosecution, "[t]he Commonwealth must prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'"  Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997).

Powell's trial was not commenced within five months from the date the judge of the juvenile court found probable cause. Following an evidentiary hearing, the trial judge found "that there was a continuance [and] that it was on the motion of [Powell]."  See Code § 19.2-243 (exempting "such period of time as the failure to try the accused was caused . . . [b]y continuance granted on the motion of the accused or his counsel").  The record, however, does not support the trial judge's findings.

At the evidentiary hearing, Tina Englebright, an employee of the Commonwealth's Attorney's office who is not an attorney, testified that she had been given the responsibility of "setting the circuit court docket."  In this capacity, she received a list of available trial dates from the circuit court judge and then contacted the attorneys involved in the cases to coordinate their available trial dates.  Englebright prepared a spread

sheet with the defendant's name, charge, attorney and a speedy trial date, and she noted on the spread sheet the agreed upon or convenient trial date. After Englebright completed the spread sheet, she delivered it to the clerk's office. Englebright testified that the clerk prepared the trial docket from Englebright's spread sheet.

Englebright testified that this procedure was followed for Powell's case. Her spread sheet indicated that Powell was to be tried by a jury. Over objection, she further testified that Powell's initial attorney had asked for a continuance because of "extreme docket problems in setting his cases." She also testified that the circuit judge did not enter either an order setting the case for trial or an order for a continuance.

Powell's initial attorney testified that he could not recall requesting a continuance of the case. He also testified that the circuit judge generally enters orders when continuances are granted.

The Clerk of the Circuit Court identified Englebright's spread sheet as the document from which the clerk's office prepared its trial docket. The Clerk testified that the spread sheet was "used in support of the creation of the docket." The Clerk also testified the spread sheet is not put in an order book and is not stamped or dated as received.

The record contains no order or docket entry by the judge setting a trial date. We have had other occasions to address

the absence of an order setting a criminal trial.  We ruled as follows:

> The record contains no orders or docket entries explaining the reason for the delay in beginning the trial or supporting the trial judge's finding that the . . . delay was attributable to [the accused].  No orders were entered granting continuances or showing why the case was not scheduled for trial within five months. . . .  The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record.  To do so would diminish the sanctity of the court's records.  The record of proceedings in a court of record cannot be left to the vagaries of a swearing contest between witnesses.  Such is an insufficient basis to establish why delay occurred which prevented a criminal defendant from receiving a speedy trial.

Adkins v. Commonwealth, 13 Va. App. 519, 522, 414 S.E.2d 188, 189 (1992) (citation omitted).  See also Nelms v. Commonwealth, 11 Va. App. 639, 642, 400 S.E.2d 799, 801 (1991) (noting that "[s]ince the matter had not been set for trial, neither the accused nor the attorney for the Commonwealth had any reason to move for a continuance").  In an earlier case, we noted the following:

> In determining responsibility for the delay of a criminal trial, we must confine our review to the record before us.  Because of the fragility of memories "[r]epresentations of counsel, or even of the trial judge, if not supported by the record, are insufficient."  A trial court's actions are reflected in the record only through its orders and decrees.  Consequently, a trial date scheduled by the court in a criminal case must be documented before we may consider it in evaluating trial delay, and

-

no trial date was scheduled by the court in
this case.

 *    *    *    *    *    *    *

Only the trial court, not the
Commonwealth's Attorney, has authority to
schedule criminal cases for trial.  Code
§ 19.2-241 provides that "[t]he judge of
each circuit court shall fix a day of his
court when the trial of criminal cases will
commence, and may make such general or
special order in reference thereto. . . ."
This provision contemplates an orderly
procedure for setting criminal cases and
expressly places the control of that process
under the supervision of the trial court,
not a party litigant.  The policy expressed
in this provision recognizes the role of the
trial judge in insuring the prompt
disposition of criminal cases.

Williams v. Commonwealth, 2 Va. App. 566, 569, 347 S.E.2d 146,

148 (1986) (citations omitted).

Not only was no order entered setting an initial trial date

for Powell's jury trial, the record in this case clearly

establishes that no order was entered setting a continued trial

date.  On this record, the Commonwealth has not borne its burden

of proving a delay countenanced by Code § 19.2-243.  Because

Powell was in custody and was not brought to trial within five

months of the finding of probable cause, as statutorily

mandated, the trial judge erred in failing to grant Powell's

motion to dismiss the indictments.  We, therefore, reverse the

convictions for second degree murder and use of a firearm in the

commission of murder and dismiss the indictments.  We need not

address the remaining issues.

<u>Reversed and dismissed</u>.