UPON A REHEARING EN BANC
ANNUNZIATA, Judge.
On July 6, 1999,- a panel of this Court reversed the murder conviction of Wayne Lenardo Heath based on its view that appellant’s statutory right to a speedy trial pursuant to Code § 19.2-243 had been violated. The Commonwealth filed a petition for rehearing en banc, which we granted on August 20, 1999. Upon rehearing, we affirm the decision of the trial court.

BACKGROUND

The record establishes that the Juvenile and Domestic Relations District Court of the City of Petersburg held a preliminary hearing on March 20, 1997, and found probable cause to believe Wayne Lenardo Heath committed first-degree murder. The grand jury indicted Heath on that charge. On September 18, 1997, the circuit court set the trial date for *179 October 15,1997. Heath was convicted of first-degree murder at a bench trial on that date, and was sentenced on February 6,1998 to sixty-nine years and five months in prison.
Heath remained continuously in custody from the preliminary hearing, March 20, 1997, until the trial on October 15, 1997, a period of 209 days. Absent tolling of the statute, he should have been tried within 152 and a fraction days. See Moten v. Commonwealth, 7 Va.App. 438, 441, 374 S.E.2d 704, 706 (1988).
On May 6, 1997, the parties appeared in the circuit court on the Commonwealth’s motion to compel the taking of a blood sample from Heath “for scientific comparison.” Although the record contains no written motion, the trial judge entered an order on May 15, 1997, granting the motion and ordering Heath to give the blood sample. The order, which is endorsed by both counsel without objection, contains no request for a continuance and grants no continuance. The record also contains an order entered July 8, 1997, which duplicates the earlier order that Heath give a blood sample. The July 8, 1997 order also contains the notation that “[i]t is further ordered that the case be continued until May 15,1997, at 11:00 a.m. to be reset for trial.”[1] This order was not endorsed by counsel and does not reflect whether either attorney requested the continuance.
On August 1, 1997, the trial court granted Heath’s motion requesting a psychiatric evaluation to determine his competency to stand trial and ordered an evaluation. From the entry of the court’s order until September 10, 1997, when Heath received the results of the evaluation, he could not proceed to trial. At the circuit court’s next docket call on September 18, 1997, the case was set for trial on October 15,1997, fifty days beyond the five-month period.[2]
*180 The time limitation for the commencement of felony-trials is governed by Code § 19.2-243,[3] which provides, in relevant part:
*181 Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court....
‘When an accused asserts that he has been denied a speedy trial, the burden is on the Commonwealth to explain and excuse the delay.” Adkins v. Commonwealth, 13 Va.App. 519, 521, 414 S.E.2d 188, 189 (1992). “[I]t is the prosecution which has the responsibility of vindicating society’s interests in swift and certain justice, and the burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth.” Robinson v. Commonwealth, 28 Va.App. 148, 153, 502 S.E.2d 704, 706 (1998) (citations omitted). “The Commonwealth must prove that the delay was based on ‘one of the reasons enumerated in [Code § 19.2-243] or on [the accused’s] waiver, actual or implied, of his right to be tried within the designated period.’ ” Powell v. Commonwealth, 29 Va.App. 745, 748, 514 S.E.2d 785, 787 (1999) (citation omitted). If the Commonwealth fails to meet these burdens, the statute requires discharge of the prosecution. See id

ANALYSIS

To decide the question presented, we look to the court’s orders explaining the delays in proceeding to trial. See Guba v. Commonwealth, 9 Va.App. 114, 118, 383 S.E.2d 764, 767 (1989). We may also look to the rest of the record to assess the responsibility for delay that caused “the failure to *182 try the accused,” Stinnie v. Commonwealth, 22 Va.App. 726, 729, 478 S.E.2d 88, 84 (1996) (en banc), within the time frame mandated by statute. See Baity v. Commonwealth, 16 Va.App. 497, 503, 431 S.E.2d 891, 894-95 (1993) (“Although [the court’s] orders facilitate the assessment of responsibility for delay and the determination of the merits of a Code § 19.2-243 claim, such orders do not and should not limit the scope of appellate review.”).
Delays in the trial were caused by both the Commonwealth and the defendant. During the delay occasioned by the Commonwealth’s motion for a blood test, Heath’s motion for a psychiatric examination was granted, necessitating a trial delay until he stood ready to proceed. Thus, notwithstanding the Commonwealth’s responsibility for delaying the trial for the purpose of obtaining a blood test, Heath made clear that he was not ready for trial. The delay caused by Heath’s motion for a psychiatric examination is, therefore, properly chargeable to him.[4] See Moten, 7 Va.App. at 444, 374 S.E.2d at 707; see also Jones v. Commonwealth, 13 Va.App. 566, 569-71, 414 S.E.2d 193, 194-95 (1992).
As we have stated previously,
[w]hen the defendant requests and is granted a continuance for an indefinite period of time, the speedy trial period will not recommence until the defendant announces to the Commonwealth that he stands ready for trial. “[W]here the accused affirmatively acts and invites the delay in the commencement of trial by such motion, there is no violation of his speedy trial right.”
Jefferson v. Commonwealth, 23 Va.App. 652, 657, 479 S.E.2d 80, 82 (1996) (quoting Stinnie, 22 Va.App. at 730, 473 S.E.2d at 85) (additional citations omitted). The delay in this instance was for Heath’s benefit, and, notwithstanding the absence of a formal motion to continue the matter to permit a psychiatric *183 examination to be conducted, the de facto continuance which resulted was caused by his action. See Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27-28 (1983) (although defendant did not move for a continuance, he was responsible for the delay because he filed a motion to suppress which necessitated a slow-down in the judicial process); see also Jones, 13 Va.App. at 569-71, 414 S.E.2d at 194-95; Moten, 7 Va.App. at 444, 374 S.E.2d at 707.
Calculating the time from August 2, 1997, the day following the date Heath’s motion was filed and the court’s order was entered, see Randolph v. Commonwealth, 22 Va.App. 334, 335-36, 470 S.E.2d 132, 133 (1996), to October 15, 1997, the date Heath was tried, produces a total chargeable delay of 75 days. See Stinnie, 22 Va.App. at 728-30, 473 S.E.2d at 84-85 (defendant’s continuance did not end at term day, but rather on the date trial was set). As such, the 'delay is properly chargeable to Heath and tolled the time limitations imposed under Code § 19.2-243.
When the period of delay occasioned by Heath’s motion for a psychiatric evaluation is subtracted from the total period of delay, it is manifest that Heath was tried within the five-month period required by statute. Thus, for the reasons stated, we affirm the conviction.

Affirmed.

. The record does not indicate that a trial date had been set prior to either May 15, 1997 or July 8, 1997. The record also reflects that no trial date was set at the hearing on May 15, 1997.

. Trial was set at Heath’s request, notwithstanding the fact that the analysis of Heath’s blood sample which the Commonwealth earlier *180 requested had not been completed. The Commonwealth nonetheless did not oppose the setting of the trial date and made no motion for a continuance. Ultimately, the certificate of analysis was completed on October 6, 1997, and filed prior to trial on October 10, 1997.

. The entire statute reads as follows:
Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found. If there was no preliminary hearing in the district court, or if such preliminaty hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.
If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.
Where a case is before a circuit court on appeal from a conviction of a misdemeanor or traffic infraction in a district court, the accused shall be forever discharged from prosecution for such offense if the trial de novo in the circuit court is not commenced (i) within five months from the date of the conviction if the accused has been held continuously in custody or (ii) within nine months of the date of the conviction if the accused has been recognized for his appearance in the circuit court.
The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
1. By his insanity or by reason of his confinement in a hospital for care and observation;
2. By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;
3. By the granting of a separate trial-at the request of a person indicted jointly with others for a felony;
4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by *181 the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance; or 5. By the inability of the jury to agree in their verdict.
But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.
Code § 19.2-243.

. By his motion, Heath acquiesced, in effect, to that portion of the delay caused by the Commonwealth which ran concurrently with the delay he had caused.