COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


WAYNE ANTHONY HUNT

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2398-04-1                  JUDGE JAMES W. HALEY, JR.
                                                        JANUARY 24, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Sonya Weaver Roots (Weaver Law Offices, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


The dispositive issue in this case is whether the May 13, 2004 continuance granted by the

trial court to allow for the completion of an expert handwriting analysis based in part upon a

handwriting exemplar provided by appellant tolled the statutory speedy trial statute, Code

§ 19.2-243.  Finding that the continuance did toll the statutory period, we affirm the convictions.[1]

I.

Wayne A. Hunt, appellant, was accused of issuing bad checks in violation of Code

§ 18.2-181.  On October 21, 2003, the general district court in Portsmouth held a preliminary

hearing, found probable cause as to two of three counts, and certified those two counts to the grand

jury.  On November 6, 2003, the grand jury returned indictments on the two certified counts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because our holding that the continuance of May 13 is properly chargeable to appellant
determines the outcome, we need not consider whether the trial court erred in charging the
March 1 continuance to appellant.

issued a direct indictment on the third count. That direct indictment was served on appellant November 13, 2003.

Following two continuances not critical to the outcome here, the parties returned to court on May 13, 2004, and again the trial was continued. On May 18, 2004, the trial court issued a written "Continuance Order" stating "[o]n the 13th day of May, 2004 came the Commonwealth of Virginia, by counsel . . . and the defendant, by counsel . . . with a motion for a continuance in the above-styled case because the handwriting exemplar has not been completed."[2]

Appellant had signed an *agreed* order to provide a handwriting exemplar for an analysis and argued the trial court should continue the trial until the analysis was complete in case it provided exculpatory evidence. However, appellant argued he should not be charged with the continuance because it was the "Commonwealth's order to have it done." The Commonwealth, on the other hand, believing it would be successful at trial without the analysis, offered to go to trial that day without the results, and sought to have appellant charged with the motion. In its May 18, 2004 order, the court granted the continuance motion, set the trial for June 17, 2004, and ordered that the continuance motion be "attributed . . . to the Commonwealth." Both parties endorsed the continuance order as "Seen."

Following another continuance not at issue here, the trial commenced August 7. Before beginning the trial, however, appellant presented a written motion to dismiss the case for failure to prosecute within the nine-month period set forth in Code § 19.2-243. The court denied this motion, and the jury convicted appellant of all three counts. Appellant filed a timely notice of appeal to this Court.

---

[2] While the parties refer to the "exemplar," it is clear that they mean an "expert analysis" to be in part based upon the "exemplar" previously provided by appellant.

II.

Appellant's only contention is that his right to a speedy trial, guaranteed by Code § 19.2-243, was violated. Code § 19.2-243 provides that prosecution for offenses must occur within either five or nine months from the date of finding of probable cause, or, if no preliminary hearing occurred, from the date of an indictment or presentment. The five-month period applies to defendants held continuously in custody; the nine-month period applies to defendants not held continuously in custody.

In his brief, appellant argues that the charge for which the grand jury issued a direct indictment falls under the five-month period because when the indictment was served, he was in custody in Virginia Beach, and remained in custody until trial. Appellant's petition for appeal to this Court, however, argued only that the nine-month period applies. "Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." Alexander v. Commonwealth, 28 Va. App. 771, 776, 508 S.E.2d 912, 914, aff'd on reh'g en banc, 30 Va. App. 152, 515 S.E.2d 808 (1999), rev'd on other grounds, 260 Va. 238, 531 S.E.2d 567 (2000); see also Riner v. Commonwealth, 40 Va. App. 440, 454, 579 S.E.2d 671, 678 (2003) (holding appellant could present additional issues not in the petition for appeal only with leave of the Court). Therefore, any argument concerning the five-month period of Code § 19.2-243 is barred by Rule 5A:12, and we analyze appellant's contention solely under the nine-month period.

III.

Probable cause on two of the three charges was found on October 21, 2003, and a direct indictment on the third charge was returned on November 6, 2003 and served on appellant on November 13. The trial began on August 2, 2004, a span of 286 days since the finding of probable cause and 263 days since the service of the direct indictment.

The nine-month period described in Code § 19.2-243 is "at least 273 days." McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 294 (2004). Thus, the trial on the charge stemming from the direct indictment began within the statutory period, even were we to charge all delays to the Commonwealth. The remaining two counts, however, could possibly fall outside the nine-month period.

The Commonwealth bears the burden to explain why a defendant was not tried within the statutory period of Code § 19.2-243. Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (en banc) (citation omitted). To meet this burden, the Commonwealth must show that the delay is excused under one of the statutory reasons or the defendant's waiver of the right to a speedy trial. Id. (citing Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999)). "[T]he proper assessment and determination of the merits . . . involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before us." Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993). The question is one of law, and as such, our review is *de novo*.

Code § 19.2-243 provides six conditions under which a delay does not count toward the statutory period. The only one relevant here states,

> The provisions of this section shall not apply to such period of time
> as the failure to try the accused was caused:
>
>     \*      \*      \*      \*      \*      \*      \*
>
> 4. By the continuance granted on the motion of the accused or his
> counsel, or by concurrence of the accused or his counsel in such a
> motion by the attorney for the Commonwealth, or by the failure of
> the accused or his counsel to make a timely objection to such a
> motion by the attorney for the Commonwealth . . . .

Code § 19.2-243.

If the Commonwealth moves for a continuance, the defendant must make a timely objection or the resulting delay is charged to him. Code § 19.2-243(4); Robinson v. Commonwealth, 28

Va. App. 148, 154, 502 S.E.2d 704, 707 (1998). Robinson addressed a 1995 amendment to Code § 19.2-243. As amended, the statute requires a defendant to object to a continuance motion in order for the time to be chargeable to the Commonwealth. Id. To whom the motion is attributed is no longer the sole deciding factor. Only when the Commonwealth moves for a continuance and the defendant objects does the time count toward the nine-month period.

Here, the parties appeared for the May 13 trial date, but a handwriting analysis was not completed. While the parties presented oral argument regarding against whom the time should be charged, appellant never objected to the continuance. In fact, while the Commonwealth announced it could proceed to trial without the analysis, appellant's counsel said, "I believe that it is necessary to have that handwriting exemplar before we go forward . . . I agreed to have it done, and it may contain some sort of exculpatory information." When the trial court entered the order continuing the case, it attributed the motion to the Commonwealth, but appellant signed it only as "Seen" and did not object to it. Under Code § 19.2-243 as amended, which party moves for the continuance is not necessarily the critical fact. Appellant was required to object to the continuance as well. Since appellant failed to object to the motion, any resulting delay does not count toward the nine-month statutory period.

Also, any delay resulting from a joint motion of the defendant and the Commonwealth tolls the statutory period. Code § 19.2-243; see, e.g., Jefferson v. Commonwealth, 33 Va. App. 230, 237-38, 532 S.E.2d 899, 902 (2000), aff'd and adopted, 35 Va. App. 436, 545 S.E.2d 585 (2001) (*en banc*). Appellant here clearly acquiesced in the continuance. As shown above, he was more supportive of the motion to continue the case than was the Commonwealth. Appellant's willingness to provide the exemplar necessary for the handwriting analysis shows that he wanted the results of the test. Furthermore, the trial court's order, quoted above, plainly states that both parties came with a motion for a continuance. Since the record demonstrates that appellant moved for a continuance

and argued in favor of that continuance, the resulting delay must be excluded from the Code § 19.2-243 speedy trial calculation.

Thus, the delay from May 13 to June 17, constituting 35 days, tolls the statutory speedy trial period and does not count toward the 273 days in which the Commonwealth had to prosecute appellant.

IV.

For the reasons stated above, the delay resulting from the May 13 continuance must be excluded from the speedy trial calculation. Once we subtract that 35-day delay from the 286 days between the preliminary hearing and trial, only 251 days elapsed. Appellant's right to a speedy trial under Virginia law was not denied. Thus, we affirm the convictions.

Affirmed.