COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Alston
Argued by teleconference


STEPHEN JERMAINE WIMBUSH

MEMORANDUM OPINION* BY
v.     Record No. 1978-08-3        JUDGE LARRY G. ELDER
                                    MAY 11, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Robert Hurt for appellant.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Stephen J. Wimbush (appellant) appeals from his bench trial convictions for robbery, use

of a firearm in the commission of robbery, and possession of a firearm by a convicted felon.[1]  On

appeal, he contends the trial court erred in denying his motion to dismiss on statutory speedy trial

grounds.  We hold appellant's convictions for these offenses did not violate Code § 19.2-243,

and we affirm.


I.

BACKGROUND

On November 13, 2007, appellant was arrested on warrants charging him with having

committed the instant offenses on November 12, 2007.  At a preliminary hearing on those

charges held on December 10, 2007, the district court found probable cause, and appellant was

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted for grand larceny, an offense for which he was directly indicted.  The validity of that conviction is not before us in this appeal.

held continuously in custody thereafter. The district court certified the charges to the grand jury, which returned indictments for the offenses during the January 2008 term.

The charges were scheduled to be tried on April 14, 2008. On that date the Commonwealth moved for a continuance, explaining that only a few days earlier, on April 11, 2008, it had received and filed important DNA test results it wished to use at trial, "inside of the twenty one days that would be the limit for a DNA analysis" under Code § 19.2-270.5. The Commonwealth proffered that "if the results were found to be accurate by the Court, [they] would indicate the presence of [appellant's] DNA in the vehicle the Commonwealth will argue was stolen and also [on the stocking cap] on [appellant's] head when the robbery took place," which was found in the vehicle. Based on Code § 19.2-270.5, the Commonwealth sought a continuance so that it would be able to introduce that DNA evidence at trial. The Commonwealth did not indicate that *it* needed additional time in order to prepare for trial.

The trial court asked appellant's counsel, Michael Brown, for his position on the continuance motion. Brown indicated he needed additional time to subpoena witnesses and would also like time to determine whether he "need[ed] to get a [DNA] expert of [his] own." The trial court then asked appellant what his position was regarding a continuance, and the following colloquy ensued:

> [APPELLANT]: They come, they come to me back in January, got the paperwork right here, back in January with the DNA, you know what I'm saying they ain't showed me no evidence or nothing about the case. You know, they, he keeps telling me about some witnesses, but you know they've got to come tell you what's going on. You know he come up with my statement that the investigator's got but he's still got to come to Court and tell you. I got some DNA papers right here where they took my DNA back in January. I've got all of this right here.
>
> COURT: Well . . . they may have taken it in January, but it takes a while to get it done. They have to, you know it's take [sic] a Forensic Scientist two or three months to even do that. That's pretty important information, isn't it?

- 2 -

[APPELLANT]: No, they ain't got no, he didn't get it, like I told him I want discovery, he ain't got, he said I can't get that. That's my right to get my motion to discovery. He said I can't get it. Why can't I get it? Everybody else has got theirs.

COURT: Are you talking about you haven't gotten the results of the DNA test?

[APPELLANT]: He showed me some little paperwork Friday, whatever it was he was showing me Friday.

COURT: Okay, well that's the results of the DNA test.

[APPELLANT]: What about my Motion for Discovery? He ain't gave me that.

COURT: What other discovery do you want?

[APPELLANT]: I want my Motion for Discovery to tell me about my case.

COURT: [Appellant's Counsel Brown], maybe you can help me on that one.

[APPELLANT'S COUNSEL Brown]: Judge, . . . the Commonwealth usually gives us what's in the file for discovery. I did share that with [appellant]. I went to the jail immediately after I had gotten it. We did go over that in detail. I did not make copies for [appellant], and I think that is what he is requesting, and I did not hear . . . until today that he wanted an actual copy of it.

[APPELLANT]: Because you told me I couldn't get it. You said they don't do that no more now.

COURT: Alright, it sounds like something that can be taken care of.

[APPELLANT'S COUNSEL Brown]: Yes.

COURT: Alright, I am going to grant the Motion for Continuance. How much time do we need to evaluate that new information?

[APPELLANT'S COUNSEL Brown]: I need forty five days.

After some discussion about available dates and the speedy trial statute, the trial court set the matter for trial on June 12 without objection from appellant or his counsel.

On that same date, April 14, 2008, the trial court entered a continuance order, which indicated that "the Commonwealth, by Counsel, and the Defendant, BY / WITH Counsel," "jointly moved" that the case be continued to June 12, 2008. The order was endorsed by both attorneys beneath the phrase, "We ask for this." The order also included a line for appellant's signature, which bore the notation, "[Appellant] was present on 4-14-08."

On May 6, 2008, appellant and his attorney appeared before the court, and at appellant's request, attorney Brown moved to withdraw as counsel. The trial court granted the motion.

On May 21, 2008, through new counsel, Robert Hurt, appellant filed a motion to dismiss. He alleged the speedy trial limit of Code § 19.2-243 expired on May 10, 2008, five months after his preliminary hearing on December 10, 2007, because he was held continuously in custody. In arguing the speedy trial motion on June 12, 2008, appellant's new attorney contended that appellant had "adamantly objected to any continuance" at the April 14, 2008 hearing. Appellant testified he made clear to Brown on both April 11 and the morning of April 14 that he was "ready to go to trial." Appellant admitted the transcript of the April 14, 2008 hearing accurately reflected what he said on the record and that "[he] didn't say nothing about no continuance."

Appellant's attorney Hurt argued that even though appellant's previous counsel "Mr. Brown said, 'I'd like forty five days more,'" appellant "is the man who's on trial," and that when "[appellant] stood up in his inarticulate way and made clear what his objection was; he wanted to be tried now; that he had a right to stand on that." He cited Code § 19.2-243(4) which provides that "the failure of the accused or his counsel" to object to the continuance resulted in the tolling of the speedy trial statute, and he argued that although appellant's previous counsel

may have requested more time, appellant asserted his right to go to trial on that date, April 14, 2008.

The trial court stated as follows:

> [O]n [Code §] 19.2-243, I will be the first to admit it's a close case. Certainly the defendant was here present. He was upset that he hadn't got discovery; he was upset that DNA evidence was late; he was certainly not particularly pleased with the services of his lawyer. At no point – and I'll be the first to admit, the tenor of why he was upset, was that he wasn't going to be tried that day or within the five months, but his counsel did acquiesce in the continuance and asked for more time to subpoena witnesses and review the DNA evidence. At this point I'm going to take your motion under advisement . . . .

After hearing argument on an unrelated motion and swearing the witnesses for trial, the trial court called a five-minute recess and asked to see counsel in chambers. When "[o]pen court resume[d]," the trial court ruled as follows:

> [B]ased on the cases of Richardson v. Comm., 2007 Va. App. Lexus [sic] 170[,] and Shearer v. Comm., [9 Va. App. 394, 388 S.E.2d 828 (1990)], both of which basically say, . . . "While the appellant did not explicitly request a continuance and he complained he was not waiving his speedy trial rights, the delay was attributable to the appellant, as his attorney was not prepared for trial. As previously stated, defense counsel may request or concur in a continuance without the consent or presence of a defendant, and the defendant will be bound by counsel's request or assent to the delay," citing the Shearer case. "To hold otherwise, particularly under the circumstances presented, would undermine the orderly administration of justice, which requires tactical matters such as continuances, be left with counsel." And that also cites . . . Stockton v. Comm., 227 Va. 124 [(1984)] . . . . As to the question about whether or not an order was entered granting the continuance, I'll leave that for another day . . . .[2]

Following appellant's conviction and sentencing, he noted this appeal.

---

[2] The record on appeal contains no information regarding any discussion "about whether or not an order was entered granting the continuance." Such a conversation may have occurred in the in-chambers discussion, mentioned *supra* in the text, which occurred immediately prior to the trial court's ruling on the motion, but this exchange was not transcribed.

II.

ANALYSIS

Virginia's speedy trial statute provides in relevant part as follows:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .
>
>   \*  \*  \*  \*  \*  \*  \*
>
> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
>   \*  \*  \*  \*  \*  \*  \*
>
> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

Code § 19.2-243.

The five-month requirement translates "to 152 and a fraction days." E.g. Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). If the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay. Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (en banc), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001).

Where a party seeks to offer DNA evidence at trial, Code § 19.2-270.5 provides as follows:

> At least twenty-one days prior to commencement of the proceeding in which the results of a DNA analysis will be offered as evidence, the party intending to offer the evidence shall notify the opposing party, in writing, of the intent to offer the analysis and shall provide or make available copies of the profiles and the report or statement to be introduced. In the event that such notice

- 6 -

is not given, and the person proffers such evidence, then the court may in its discretion either allow the opposing party a continuance or, under appropriate circumstances, bar the person from presenting such evidence. The period of any such continuance shall not be counted for speedy trial purposes under § 19.2-243.

Here, if the speedy trial statute was not tolled from April 14 to June 12, 2008, the five-month period from appellant's preliminary hearing on December 10, 2007, expired before appellant was tried, on May 10, 2008. If this period was tolled, appellant's June 12, 2008 trial occurred 126 days after the finding of probable cause, well within the statutory limit.

In determining whether the running of the speedy trial statute was tolled, "we look to the court's orders explaining the delays in proceeding to trial. We may also look to the rest of the record to assess the responsibility for delay that caused 'the failure to try the accused' within the time frame mandated by statute." Heath, 32 Va. App. at 181-82, 526 S.E.2d at 800-01 (quoting Stinnie v. Commonwealth, 22 Va. App. 726, 729, 473 S.E.2d 83, 84 (1996) (en banc)) (citation omitted). "Although [the court's] orders facilitate the assessment of responsibility for delay and the determination of the merits of a Code § 19.2-243 claim, such orders do not and should not limit the scope of appellate review." Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 894-95 (1993), quoted with approval in Heath, 32 Va. App. at 182, 526 S.E.2d at 801.

Here, a review of the record shows that, despite the apparent confusion of the trial court and appellant's second trial attorney,[3] who continues to represent appellant in this appeal, the court entered an order on April 14, 2008, contemporaneously with its bench ruling granting the continuance on that date. That order states that "the Commonwealth, by counsel, and the Defendant, BY / WITH Counsel," "*jointly moved*" that the case be continued to June 12, 2008. (Emphasis added). Both attorneys signed beneath the phrase, "We ask for this." On a line for appellant's signature, the order bears the notation, "[Appellant] was present on 4-14-08."

---

[3] See *supra* note 2 and accompanying text.

Nothing in the transcript of the proceedings from that date contradicts that order or indicates appellant objected to his attorney's request for a continuance. See McBride v. Commonwealth, 24 Va. App. 30, 35-36, 480 S.E.2d 126, 128-29 (1997) (holding that although "[a] court speaks through its orders[, which] are presumed to accurately reflect what has transpired," "we are not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent"), cited with approval in Wilson v. Commonwealth, 40 Va. App. 250, 253, 578 S.E.2d 831, 832 (2003); see also Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989) (harmonizing an order and related transcript). After appellant's counsel said he "would like time" to review the DNA evidence and to rectify a clerical error that resulted in counsel's failure to secure the attendance of two witnesses for trial, the trial court asked appellant for "[his] position." Appellant gave a lengthy response, the point of which was less than clear. He noted "they come to me back in January . . . with the DNA, . . . [but] they ain't showed me no evidence or nothing about the case. You know, . . . [my attorney] keeps telling about some witnesses, but you know they've got to come tell you what's going on." When the trial court responded that "it takes a while to get [DNA testing] done," appellant responded, "No, . . . I told him I want discovery, . . . he said he can't get that. That's my right to get my motion [for] discovery. . . . I want my Motion for Discovery to tell me about my case."

The trial court, not entirely certain of appellant's point, said to appellant's counsel, "[M]aybe you can help me on that one." Appellant's counsel responded he had shown appellant the materials he obtained under the Commonwealth's open file discovery policy but that it sounded to him as if appellant was requesting, for the first time, "an actual copy" of what counsel had obtained from the Commonwealth. Appellant responded, "Because you told me I couldn't get it. You said they don't do that no more now."

- 8 -

The trial court observed, "it sounds like something that can be taken care of," and the court indicated it was "going to grant the Motion for Continuance." When the trial court inquired, "How much time do we need to evaluate that new information?" appellant's counsel said he needed "forty five days." The record contains no indication that appellant, who had spoken freely only moments before to express displeasure at not having received copies of discovery materials, voiced any objection to the court's granting a continuance of forty-five days, as requested by his attorney, or until June 12, 2008, the new date the court set for trial.

Appellant subsequently obtained new counsel, who moved to dismiss on statutory speedy trial grounds and claimed appellant had lodged a contemporaneous objection to not being tried on April 14, 2008. However, at the hearing on that motion, appellant admitted the transcript of the April 14, 2008 proceeding accurately reflected "what [he] said" and that "[he] didn't say nothing [sic] about no continuance." The trial court, before ruling on the motion, observed that "[appellant] was upset" and that part of "the tenor of why he was upset[] was that he wasn't going to be tried within the five months," but it did not find he objected to the continuance within the meaning of the statute.[4] See Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977) ("We will not fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied."); see also Bassett v. Commonwealth, 13 Va. App. 580, 583-84, 414 S.E.2d 419, 421 (1992) (applying Yarborough to hold that "the trial court's remark is not, in and of itself, 'the full context' simply because it represents the only point at which the court [expressly]

---

[4] For these same reasons, we hold that even if the trial court did find appellant objected, that finding was *plainly wrong*. See, e.g., Schwartz v. Commonwealth, 45 Va. App. 407, 424-25, 611 S.E.2d 631, 640 (2005) (setting out standard of review). The transcript shows, at most, that appellant was unhappy about the delay in obtaining the DNA results and in not having received hard copies of other discovery materials; it does not show he objected to the continuance, even inartfully.

addressed the [factual] issue [in dispute]").  The court ruled, instead, that his counsel "acquiesce[d] in the continuance [requested by the Commonwealth] and asked for more time to subpoena witnesses and review the DNA evidence."  As set out above, appellant registered no objection to his attorney's acquiescence and did not oppose his attorney's representation that he needed more time to prepare for trial.

Code § 19.2-243 expressly states that its provisions are tolled by a continuance "granted on the motion of the accused or his counsel," "by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth," or "by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth." The trial court's entry of the April 14, 2008 order stating that the Commonwealth and the defendant, "BY / WITH Counsel," "jointly moved" that the case be continued, which was endorsed by appellant's counsel—combined with the transcript of appellant's statements from that date and his admission in the subsequent hearing that he "didn't say nothing about no continuance"—supported the trial court's ruling that, pursuant to Code § 19.2-243, the continuance could not be charged against the Commonwealth.  Thus, we conclude the trial court properly denied appellant's motion to dismiss on statutory speedy trial grounds without considering the impact of Code § 19.2-270.5's provisions concerning the late production of DNA evidence on the speedy trial calculations.

### III.

For these reasons, we hold appellant's trial and conviction did not violate the speedy trial statute, and we affirm the challenged convictions.

<u>Affirmed.</u>