COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.        Record No. 1786-14-3                    MEMORANDUM OPINION[*] BY
                                                  JUDGE WILLIAM G. PETTY
BARBARA ANN KEEN                                  MARCH 2, 2015

FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Henry A. Vanover, Judge

Donald E. Jeffrey, III, Senior Assistant Attorney General
(Mark R. Herring, Attorney General, on briefs), for appellant.

Robert Galumbeck (Jason D. Gallagher; Benjamin A. Street;
Galumbeck, Dennis & Kegley; Street Law Firm, LLP, on brief),
for appellee.

This case involves an appeal by the Commonwealth of Virginia, pursuant to Code

§ 19.2-398, of a trial court's order dismissing indictments against Barbara Ann Keen due to the

Commonwealth's failure to bring her to trial within the period required by Code § 19.2-243.  On

appeal, the Commonwealth asserts that the "trial court erred in entering an order purporting to

dismiss the case against [appellee] on speedy trial grounds despite the clear precedent of Howard

v. Commonwealth, 281 Va. 455, 706 S.E.2d 885 (2011)."  For the following reasons, we affirm

the trial court's ruling.

I.  BACKGROUND

The facts set forth in the record of this case are as follows:  Keen was originally charged

by warrant with two counts of solicitation to commit murder in violation of Code § 18.2-29 and

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

two counts of attempted capital murder in violation of Code §§ 18.2-31 and 18.2-25. She was held in jail without bond for the duration of this case. Her preliminary hearing was held on December 2, 2011 in the Buchanan County General District Court, at which point the five-month speedy trial period began to run. Keen was indicted in the Buchanan County Circuit Court for the same offenses on January 9, 2012. A video advisement was held on January 17, 2012, and the case was continued to March 5, 2012. On March 7, 2012, Keen made a motion for a continuance. On March 22, 2012, Judge Vanover[1] entered an order granting Keen's motion for a continuance. The order set the motions hearing for June 4, 2012 and trial for August 20, 2012. On April 4, 2012, Judge Vanover's secretary sent a letter moving the June 4, 2012 motions hearing to Dickenson County Circuit Court. On July 4, 2012 Keen made another motion to continue the pre-trial motions hearing and trial. The transmittal letter accompanying the motion indicates that the motion would be heard by telephone conference. There is no transcript of that telephone conference or any order entered regarding the continuance.

On March 6, 2013, Keen made a request for subpoenas with a trial date of March 25, 2013. For some reason, not apparent from the orders in the record, that trial date was continued. In the parties' arguments on the motion to dismiss in the trial court and in their briefs and argument before this Court, the parties agree that prior to the trial date they were notified by telephone that Judge Vanover was ill and the case would not be tried on March 25, 2013. As noted below, there is no written statement of facts describing who made the call or what was said by either party. The parties also agree that Judge Vanover returned to the bench by May 6, 2013. There is no record of how the case was handled at docket call during the subsequent months. Ten months later, on March 10, 2014, the Commonwealth filed a motion to place the case on the

---

[1] Apparently, Judge Vanover usually sits in Dickenson County. The Commonwealth's Attorney for Wise County was appointed as special prosecutor and, although not clear from the record, it appears that the case was assigned to Judge Vanover specifically.

docket.  The motion recites that the Commonwealth's Attorney would appear in Dickenson County Circuit Court on March 20, 2014 to present the motion.  There is nothing in the record indicating what occurred on that date, nor is there a transcript or statement of facts of the proceeding.  Significant to this appeal is the fact that nothing in the record indicates whether Keen concurred or failed to object to any continuance from this date.  On August 11, 2014, Keen filed a motion to dismiss.  A hearing on the motion was held before Judge Vanover on August 12, 2014.  On August 15, 2014, the trial court entered an order dismissing the case pursuant to the speedy trial statute.

Subsequent to the Commonwealth's filing of its notice of appeal, Keen's counsel sent a letter to the clerk of the Buchanan County Circuit Court on November 24, 2014, asking that the record be supplemented with any of the court's records regarding the previously scheduled trial on March 25, 2013.  The Buchanan County Circuit Court Clerk responded by letter stating that there were no minutes of record for March 25, 2013.  Significantly, the clerk also wrote: "please note some of the hearings in the above-styled case was (sic) held in Dickenson County or by phone conference with Judge Vanover, therefore, you may want to contact the clerk in Dickenson County."  This letter became part of the record, and indicates that there are numerous other parts of the record that are missing in this case—including the contents of telephone conferences and proceedings in Dickenson County Circuit Court.

## II.  STANDARD OF REVIEW

In "an appeal by the Commonwealth . . . the evidence must be viewed in the light most favorable to the defendant."  Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992).  "And 'we are bound by the trial court's findings of historical fact unless "plainly wrong" or "without evidence to support them."'"  Jones v. Commonwealth, 52 Va. App. 548, 555, 665 S.E.2d 261, 264-65 (2008) (quoting McGee v. Commonwealth, 25 Va. App. 193, 198,

- 3 -

487 S.E.2d 259, 261 (1997) (en banc)). We "review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Brown v. Commonwealth, 57 Va. App. 381, 390, 702 S.E.2d 582, 586 (2010) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). However, "[i]n the absence of contrary evidence, we presume judges know the law and correctly apply it." de Haan v. de Haan, 54 Va. App. 428, 445, 680 S.E.2d 297, 307 (2009). Finally, "[t]he finding of a trial court is entitled to great weight upon appeal and ought not to be reversed unless this [C]ourt is satisfied that it is wrong, and the burden is on the appellant to show error and to satisfy this [C]ourt of such error." Upton v. Ames & Webb, Inc., 179 Va. 219, 226, 18 S.E.2d 290, 293 (1942).

### III. ANALYSIS

The law on the issues presented by this appeal is quite clear. Keen's statutory right to a speedy trial is governed by Code § 19.2-243, which provides in part:

> Where a district court has found that there is probable cause to believe that [the accused] has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

"The five-month requirement translates 'to 152 and a fraction days.'" Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). The "five-month period begins to run on the day after the preliminary hearing at which probable cause is found." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998). Any delays attributable to the defendant are subtracted from the total number of days elapsed between the finding of probable cause to the commencement of trial. See id. "If the time calculated exceeds 152 and a

fraction days, the defendant 'shall be forever discharged from prosecution for such offenses.'"

Id. (quoting Code § 19.2-243).

Furthermore, if the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay. Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (en banc), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001); Brown, 57 Va. App. at 389-90, 702 S.E.2d at 586. The Supreme Court has said that "it is the prosecution which has the responsibility of vindicating society's interests in swift and certain justice." Fowlkes v. Commonwealth, 218 Va. 763, 766, 240 S.E.2d 662, 664 (1978). Thus, to avoid the statutory remedy of discharge from prosecution, "[t]he Commonwealth must prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'" Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (second and third alterations in original) (quoting Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997)). Under Code § 19.2-243, one of the seven enumerated circumstances that tolls the running of the five-month time limit is when the failure to try the accused is caused by a:

> continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

In determining whether the accused or his counsel made, concurred in, or failed to object to a motion for a continuance, we must "confine our review to the record that comes before us." Godfrey v. Commonwealth, 227 Va. 460, 464, 317 S.E.2d 781, 783 (1984). "[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d

- 5 -

255, 256-57 (1961). "It is well established in this Commonwealth that a circuit court speaks only through its written orders." Roe v. Commonwealth, 271 Va. 453, 457, 628 S.E.2d 526, 528 (2006) (citations omitted). And because "courts act by orders and decrees that become part of the record on appeal[, c]ontinuances in criminal cases must be documented to enable us to review and evaluate them when they are challenged." Godfrey, 227 Va. at 464, 317 S.E.2d at 783. "Proper assessment and determination of the merits of a statutory speedy trial claim 'involve a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Brown, 57 Va. App. at 389-90, 702 S.E.2d at 586 (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc)). "Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in [or failed to object to the Commonwealth's request to] delay . . . his trial, or instigated proceedings which of necessity brought about a delay of his trial, the delay must be attributed to the Commonwealth." Jefferson v. Commonwealth, 33 Va. App. 230, 241-42, 532 S.E.2d 899, 904 (2000) (alteration in original) (quoting Cantwell v. Commonwealth, 2 Va. App. 606, 611, 347 S.E.2d 523, 526 (1986)).

Although the record does contain a transcript of the hearing on Keen's motion to dismiss, glaringly absent is any transcript or written statement of facts that would allow us to consider hearings in Dickenson County, telephone conferences, or occurrences at docket call. The Rules of the Supreme Court of Virginia require that the record include documentation of continuances in a case if they are relevant to the issues on appeal. Under Rule 5A:7(a)(7), the contents of the record on appeal may "include the transcript of any proceeding or written statement of facts, testimony, and other incidents of the case." Rule 5A:8(c) sets forth the procedure for filing a written statement of facts, testimony, and other incidents of the case in lieu of a transcript. The rule defines "other incidents of the case" as including "motions, proffers, objections, and rulings

of the trial court regarding any issue that a party intends to assign as error or otherwise address on appeal." Rule 5A:8(c). Under this definition, the term "incidents of the case" clearly encompasses motions for continuance, any objections made to those motions, and the trial court's rulings on those motions. Despite assigning error to the trial court's decision regarding the delay in this case, the Commonwealth has provided a record that is completely devoid of any statement of facts detailing the "incidents" that caused that delay.

Additionally, the Supreme Court has made clear that "the reasons for delays or continuances of the case should be spread upon the record and should not rest upon casual or indefinite conversations between counsel for the respective parties." Flanary v. Commonwealth, 184 Va. 204, 211, 35 S.E.2d 135, 138 (1946). This Court has repeatedly held that without an adequate record, it is impossible to assess the reason for a continuance.

> "The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record. To do so would diminish the sanctity of the court's records. The record of proceedings in a court of record cannot be left to the vagaries of a swearing contest between witnesses. Such is an insufficient basis to establish why delay occurred which prevented a criminal defendant from receiving a speedy trial."

Powell, 29 Va. App. at 749-50, 514 S.E.2d at 787-88 (quoting Adkins v. Commonwealth, 13 Va. App. 519, 522, 414 S.E.2d 188, 189 (1992)). "Representations of counsel, or even of the trial judge, if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk." Godfrey, 227 Va. at 464, 317 S.E.2d at 783.

The Commonwealth argues that this case is governed by Howard v. Commonwealth, 281 Va. 455, 461, 706 S.E.2d 885, 887 (2011), which held that "a court-initiated continuance is of 'similar nature'" to a continuance requested by the Commonwealth and therefore the defendant is required to object in order to prevent the tolling of the five-month speedy trial period. The

- 7 -

Commonwealth contends the phone call delaying the March 25, 2013 trial date tolled the speedy trial period because Keen did not object to the court-initiated continuance that resulted from that phone call. In Howard, an order of continuance was entered, and the trial was continued to a date certain. Id. at 457-58, 706 S.E.2d at 886. Thus, the record reflected both the fact of the continuance, the date to which the case was continued, and the lack of objection by the defendant. Here, the record does not contain any order of continuance to a date certain. However, the parties agree that Judge Vanover returned to the bench on May 6, 2013. Thereafter, it was the Commonwealth's responsibility to set the case for trial. See Flanary, 184 Va. at 210, 35 S.E.2d at 138 ("It is the duty of officers charged with the responsibility of enforcing the criminal laws of the Commonwealth to prepare for and obtain a trial of an accused . . . .").

Assuming without deciding that Keen failed to object to the March 25, 2013 postponement due to the judge's illness, the Commonwealth's failure to set the case for trial after Judge Vanover returned to the bench on May 6, 2013 has not been explained. The fact remains that the Commonwealth failed to bring this case to trial during the intervening fifteen months. The Buchanan County Circuit Court has a criminal term of court beginning the fourth Monday in January, April, July, and October. See Code § 17.1-517 (requiring at least four terms of court each year); Terms of Court and General Information, Buchanan Circuit Court, http://www.courts.state.va.us/courts/circuit/buchanan/home.html (last visited Feb. 18, 2015). There is no order or other entry in the record indicating what took place at the subsequent docket calls. Thus, it is unclear why this case was continued from one term to the next. This Court has no orders, transcripts, or written statements of facts documenting the contents of the telephone conferences or hearings on motions. Nor do we have any record of proceedings that may have

taken place in Dickenson County Circuit Court.  Thus, this Court has no way of knowing what took place during the time that this case was awaiting trial.

Moreover, the Commonwealth's failure to try the case after March 10, 2014, when the Commonwealth filed a motion to set the case for trial, has not been explained.  The record is simply silent as to what transpired at the hearing on the motion to set the case for trial or during the subsequent months.  Therefore, the 158 unexplained days of delay from March 10, 2014 to the August 15, 2014 dismissal of the case must be attributed to the Commonwealth.  Although those 158 days already exceed the statutory limit, the twenty-eight days between Keen's preliminary hearing on December 12, 2011 and Keen's indictment on January 9, 2012 must also be attributed to the Commonwealth.[2]  Thus, at the very minimum, 186 days of delay must be attributed to the Commonwealth.  This surpasses the 152 and a fraction days of delay allowable under Code § 19.2-243 and requires that the defendant "be forever discharged from prosecution for such offenses."

Given the record before us, there is no version of the facts from which we can conclude that the trial court erred in holding that Keen's statutory right to a speedy trial had been violated.  Accordingly, we affirm the ruling of the trial court dismissing the indictments.

Affirmed.

---

[2]Although not specifically addressed in her brief, Keen argued to the trial court in her motion to dismiss that she was entitled to credit for the time between her preliminary hearing and the date of the first continuance requested on her behalf.  Without any explanation from the trial court regarding the delays it considered in making its ruling, we cannot assume that it did not consider this time period in computing the delay attributable to the Commonwealth.